COATS *v.* CASEY.

</div>

PER CURIAM. If pending an equitable suit the issues are modified so as to eliminate all claims for equitable relief, and the case proceeds for only common-law relief, and a final judgment is rendered on such issues as remain for decision, a writ of error to the Supreme Court based on such judgment will be transferred to the Court of Appeals, because the latter court has jurisdiction and the Supreme Court has not jurisdiction of the case. *City of Reynolds* v. *Carter*, 159 *Ga.* 229 (125 S. E. 380); *Brandt* v. *Buckley*, 151 *Ga.* 582 (107 S. E. 773); *Cochran* v. *Stephens*, 155 *Ga.* 134 (116 S. E. 303); *United States Fidelity & Guaranty Co.* v. *Koehler*, 161 *Ga.* 934 (132 S. E. 64).

(a) This case originally involved the grant of equitable relief such as injunction, receiver, and an accounting, but was finally modified so as to proceed at law for a balance due upon a stipulated price of goods sold by the plaintiff to the defendant. A verdict was returned, finding a stated amount for the plaintiff. The only exception was to a

judgment overruling the defendant's motion for a new trial. In these circumstances, under application of the principle announced in the first headnote, the case, having been brought by writ of error to the Supreme Court, will be transferred to the Court of Appeals.

(b) The facts of the case were: A suit was instituted for injunction, receiver, accounting, and general relief. The petition alleged that plaintiff and defendant, each having separate mercantile stocks of goods, caused them to be mingled and to be offered for sale by the parties jointly in pursuance of an agreement; that the agreement provided that plaintiff should be paid $950 from the proceeds of sale, and when paid such sum he should convey to defendant all his interest in the business; that plaintiff received $357.72, after which defendant assumed entire charge of the business and refused to account or to recognize plaintiff as having any further interest. A temporary receiver was appointed, and a rule nisi was issued. Immediately afterwards and before return day, the defendant desiring to get possession of the goods from the receiver, a bond payable to the plaintiff was executed by the defendant as principal and a third person as security, binding the makers to pay the plaintiff $542.28. The plaintiff assented to the bond and that it should stand in lieu of the property. It was stated that plaintiff's interest in the property exceeded the amount of the bond. The condition of the bond was that the defendant should pay the plaintiff "such sum as may hereafter be determined to be due . . by adjustment of the differences, . . or pay such judgment as may be obtained by" plaintiff against the defendant in the case. The bond contained also the following: "It is further agreed between the principal and security and said [plaintiff], in consideration of said property being released by the receiver to said [defendant], that the said cause may proceed in the superior court without further service or notice against the principal on this bond, or against the surety thereon, as a suit on account at law, and that a final money judgment for principal and interest and cost may be had against the surety upon the trial of said issue in the superior court." When the bond was given the property was turned over to the defendant, and the judge vacated the order appointing the receiver. After this the defendant filed an answer setting up that he had purchased the plaintiff's stock at the price of $950, to be paid for with proceeds of the sale of the joint stock of goods, and alleging that plaintiff had been paid $350.72 on that account, and that defendant recognized him as a creditor to that extent. The answer also set up discharge of said debt in bankruptcy. Two years later the case came on for trial before the jury. The plaintiff testified as to the terms of his sale to the defendant and the amount that he had received. He also introduced the bond. The defendant testified as to the terms of the sale and the amount the plaintiff had received. There was some conflict in this testimony. The only question submitted to the jury by the judge in his charge was, what amount, if any, was due by the defendant to the plaintiff. The verdict returned was, "We, the jury, find for the plaintiff in the sum of $542.28." The defendant's motion for a new trial was overruled, and he excepted.

*Transferred to Court of Appeals. All the Justices concur.*

No. 5149. MAY 13, 1926.

Equitable petition.   Before Judge Franklin.   Richmond superior court.   October 21, 1925.

*W. Inman Curry* and *H. A. Woodward,* for plaintiff in error.
*Pierce Brothers,* contra.