## AMERICAN NATIONAL INSURANCE COMPANY v. BRANTLEY.

GILBERT, J.   1.   "If pending an equitable suit the issues are modified so as to eliminate all claims for equitable relief, and the case proceeds for only common-law relief, and a final judgment is rendered on such issues as remain for decision, a writ of error to the Supreme Court based on such judgment will be transferred to the Court of Appeals, because the

Courts, 15 C. J. p. 1039, n. 52; p. 1040, n. 64 New.

latter court has jurisdiction and the Supreme Court has not jurisdiction of the case." *Coats* v. *Casey*, 162 *Ga.* 236 (133 S. E. 237), and cit.

2. The original petition in this case merely sought recovery on a policy of life-insurance, and also damages and attorney's fees for refusal to pay within the statutory period. The insurance company answered that it admitted liability, but that the proceeds were claimed by two persons and that payment could not be safely made without direction of the court. Thereupon the defendant company paid into court the amount admitted by all parties to be due, and prayed that the claimants be required to interplead. The prayer was granted, and the claimants, before trial, agreed upon a division between them of the money, which was accordingly paid out to them. Thereafter the case was prosecuted by the original plaintiff solely to recover the penalty under the Civil Code (1910), § 2549. No other issue was involved. *Held*, that the Supreme Court is without jurisdiction, and the case must be transferred to the Court of Appeals.          *So ordered. All the Justices concur.*

No. 6024.   DECEMBER 14, 1927.

Writ of error; from Laurens superior court.

*C. C. Crockett,* for plaintiff in error.

*S. P. New* and *T. E. Hightower,* contra.