## FRAZIER *v.* BEASLEY *et al.*

No. 12395. October 12, 1938.

*R. J. Bacon,* for plaintiff. *J. D. Gardner,* for defendants.

ATKINSON, Presiding Justice. John C. Frazier sued out against E. B. Beasley a distress warrant for rent on described realty, to which the defendant interposed a statutory counter-affidavit. Promptly after the counter-affidavit was filed, Frazier instituted statutory proceedings to evict the tenant, who interposed a counter-affidavit and statutory bond. Subsequently Beasley instituted against Frazier an equitable action seeking specific performance of an alleged contract for purchase of the land, and to consolidate the distraint and eviction proceedings for trial in the equity suit. A judgment overruling the general demurrer to the equitable petition was reversed. *Frazier* v. *Beasley,* 182 *Ga.* 121 (184 S. E. 712). After the judgment of the Supreme Court was made the judgment of the trial court, Frazier instituted an equitable action to enjoin Beasley from trespassing on the land, and to recover damages for alleged acts of trespass already committed. Beasley filed an answer. The cases were tried together. The judge propounded certain questions to the jury, and a special verdict was rendered. On this verdict a decree was entered. Beasley filed his motion for a new trial, which came on for hearing at the next ensuing term of court, when it was denied. In the order denying the motion the judge amended the decree. Frazier excepted to this ruling.

In this consolidated case Beasley as plaintiff in the first petition sought equitable relief alone, while the defendant Frazier sought only legal relief under his statutory proceedings for recovery of rent and dispossession of his alleged tenant under the Code, § 61-301. That case was tried with a second suit wherein Frazier as plaintiff was seeking damages for trespass and injunction against Beasley to prevent further trespass. A special verdict on issues involved in both cases was returned, the effect of which was to deny all equitable relief to Beasley and afford only legal relief to Frazier on his statutory proceedings for rent and dispossession of the tenant, the verdict specifying that he should not recover statutory "double rent." The judge entered a "decree" conformably to the verdict, except that it awarded an amount for "double rent." Beasley made a motion for a new trial. Frazier

did not move for a new trial. The judge denied the motion for new trial, and Beasley did not except. In the order denying the motion for new trial the judge so modified the former "decree" as substantially to withdraw the provision for recovery of double rent. Frazier excepted to this judgment. In the circumstances, all equitable issues were concluded in the trial court, without any exception thereto, thus leaving only the issue as to the right of Frazier to double rent under his statutory proceedings to dispossess his tenant. This question being only one of law, the Supreme Court has not jurisdiction of the writ of error, and the case will be transferred to the Court of Appeals, which has jurisdiction. *Coats* v. *Casey,* 162 *Ga.* 236 (133 S. E. 237); *Byrd* v. *Piha,* 169 *Ga.* 115 (149 S. E. 699); *Collier* v. *Barnesville,* 174 *Ga.* 294 (162 S. E. 530); *Brightwell* v. *Oglethorpe Telephone Co.,* 176 *Ga.* 65 (166 S. E. 646); *Southern Railway Co.* v. *Slaton,* 178 *Ga.* 314 (173 S. E. 161).

*Transferred to the Court of Appeals. All the Justices concur.*