## JONES *v.* PIERCE.

No. 13705. MAY 17, 1941.

*Fleming & Fleming,* for plaintiff.

*Benjamin E. Pierce, Benjamin E. Pierce Jr.* and *Franklin H. Pierce,* for defendant.

JENKINS, Justice. ■ The mere designation of a case as one in "equity," without any averment or prayer which claims an equitable right or on which equitable relief could be granted, will not make the case one in equity such as will give this court jurisdiction of the writ of error. *Berry* v. *Travelers Insurance Co.*, 190 *Ga.* 772 (10 S. E. 2d, 753), and cit.; *Moseley* v. *Alspaugh*, 192 *Ga.* 216 (14 S. E. 2d, 737).

■ "The plaintiff in error can not, by bill of exceptions, raise points which were not made in the [trial] court or in the [petition for] certiorari;" and "in reviewing a judgment . . of the superior court overruling a certiorari, questions which might have been made in the inferior judicatory but which are not referred to in the petition for certiorari will not be considered." *Perry* v. *Brunswick & Western Ry. Co.*, 119 *Ga.* 819 (47 S. E. 172).

■ This is a bill of exceptions from a judgment of the superior court overruling a petition for certiorari to a municipal court, which petition attacked the jurisdiction and rulings of the municipal court on garnishments issued by the municipal court and returnable to the superior court. The original judgment, on which the garnishments issued, was in the superior court. That case was one at law. See *Pierce* v. *Jones*, 36 *Ga. App.* 561 (137 S. E. 296). The record fails to show any reference to any equitable right or remedy invoked either in the municipal-court proceedings or in the petition for certiorari to the superior court. Under the preceding rulings, a mere statement in the bill of exceptions that "the action of the municipal court involved a stretch of any powers of equity, and under the law that court has no equity jurisdiction," and that the certiorari was before the superior court to decide all issues "as justice and equity required," would not, on any theory, make the case one in equity. Accordingly, the writ of error must be

*Transferred to the Court of Appeals. All the Justices concur.*