GILBERT HOTEL NO. 22 INC. *v.* BLACK *et al.*

No. 13700.  SEPTEMBER 9, 1941.

*Poole, Pearce & Graham,* for plaintiff.

*Robert T. Efurd, Mose S. Hayes, George & John L. Westmoreland,* and *Abe Fitterman,* for defendants.

REID, Chief Justice.    This case originated as a complaint in equity, seeking relief by way of injunction, receivership, etc.  The petitioner also claimed damages against the defendants for wrongful eviction from certain premises occupied by the plaintiff corporation.   A dispossessory warrant had been taken out by the defendants against certain persons occupying described premises and operating a hotel thereon.   The property was held by these persons under the terms of a lease contract with the defendants.   Claim had been made by the defendants, as lessors, that these persons were in default in payment of the rent due under the lease.  The lessees claimed they were not in default, for certain alleged reasons; they further claimed that dispossessory-warrant proceedings were

instituted against the wrong corporation and persons not parties to the lease, and therefore that they could not adequately defend that proceeding in a court of law. They sought to enjoin the defendants from interfering with plaintiff's possession of the premises, and sought appointment of a receiver for the property, claiming also that the defendants by virtue of the dispossessory proceeding had wrongfully come into possession of certain personal property belonging to plaintiff, and with further reference to that matter asked for an accounting. An interlocutory hearing was had, and all of the prayers for temporary relief in equity were denied by the judge. Demurrers to the plaintiff's petition, as several times amended, were overruled. No exception was taken to any of these rulings. Before the case came on for trial before a jury the petition was further amended by enumerating the items of property claimed to have been wrongfully seized by the defendants, and stating the values of these respective items. The amendment contained the further allegation. "Plaintiff has been injured and damaged in the sum of $8,007.20, which consists of the aggregate of the personal property seized as itemized above, plus $6,000.00 damage for the loss of the premises to which plaintiff was entitled *under the lease contract* attached hereto. That all of said damages is the proximate result of the wrongful acts of defendants as set out herein, in committing the said acts of trespass."

The lease contract between the parties had been attached as part of plaintiff's petition, and among its terms was a provision that in the event of cancellation of the lease by the lessor, within the first year from its date, the lessees would be entitled to a certain amount as liquidated damages, and if canceled in the second year the amount of such damages would be $6000. It is thus seen that the effect of the plaintiff's amendment was to treat the lease as having been breached or canceled by the lessor, and not, as originally, to claim possession under its terms. It is also seen, as represents the personal property not involved in the lease, which it was claimed had been converted by the defendants to their use and possession, an accounting was no longer sought, but a judgment was sought for its stated value. The case as thus amended went to trial. Proof was offered by the plaintiff, consistent with its claim for damages based on a breach of the lease and a wrongful eviction. The exception is to a judgment of nonsuit.

In such a situation this court is without jurisdiction to review the judgment of the trial court. While the allegations of the original petition and its prayers, which had to do with equity, were never formally and in terms stricken, yet it seems entirely clear that the action was converted to a plain simple suit for damages. No equitable relief in the case would have been appropriate, and all equitable features had in effect been removed from it. We have uniformly held that for the purpose of testing jurisdiction such a case must be appraised in the character it bore at the time the issues resulting in the judgment complained of are submitted. In *Martin* v. *Deaton,* 172 *Ga.* 557 (158 S. E. 331), it was held: "Where by amendment to his petition the plaintiff sought only to recover damages for partial demolition of a building, and in effect eliminated his claim for injunctive or other equitable relief, and a verdict for a sum of money was rendered, and no ruling excepted to related to equitable relief or to any other matter within the jurisdiction of the Supreme Court, the writ of error was returnable to the Court of Appeals." To the same effect see *Coats* v. *Casey,* 162 *Ga.* 236 (133 S. E. 237) ; *City of Reynolds* v. *Carter,* 159 *Ga.* 229 (125 S. E. 380) ; *Byrd* v. *Piha,* 169 *Ga.* 115 (149 S. E. 699), where the tenant had instituted an action to enjoin his landlord from declaring a forfeiture of the lease and taking possession of his property, but where as finally tried the only issues submitted and considered were those respecting the amount of rent due, and a judgment was had purely upon a money demand; and this court transferred the case to the Court of Appeals, and cited many authorities.

In the brief of counsel for the plaintiff the statement is made that "No appeal was taken from this interlocutory order, for the reason that by the time the interlocutory decree was passed the continued trespass and operation of said hotel by defendants had removed the practical value to plaintiff of any subsequent order restraining the trespass and restoring possession to plaintiff, and plaintiff elected to continue said case for the purpose of recovering damages for the trespass." It is contended, however, in response to a rule issued in reference to the transfer of the case, that this statement was inadvertently made, and that the case actually did remain an equity case. This claim is made chiefly on the proposition that recovery could be allowed in equity for damages occurring

644

to the plaintiff after the filing of suit; whereas at law the recovery would be limited to damages occurring before the filing of suit. This contention fails, however, for the reason that no such damages were claimed. Therefore, under the Code, § 24-4527, and the authorities cited, the case is

*Transferred to the Court of Appeals. All the Justices concur.*