MARTIN *v.* HOME OWNERS LOAN CORPORATION *et al.*

No. 14950.   SEPTEMBER 11, 1944.

*Mrs. Esther L. Marlin, pro se.*
*John W. Crenshaw,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) The petition contains allegations appropriate to an action of damages for fraud arising out of contract. While there are averments and a prayer in reference to an equitable accounting, it has been held that the mere necessity for an accounting to ascertain the amount due on a contract is insufficient to give equity jurisdiction to order an accounting. *Burress* v. *Montgomery,* 148 *Ga.* 548 (5) (97 S. E. 538). The prayer "that such other and further relief be granted as the court in its judgment deems right and just," can not, unaided, make an equity case. *Atlanta Finance Co.* v. *Fitzgerald,* 189 *Ga.* 121 (5 S. E. 2d, 242). Nor is this made an equity case by reason of that portion of the Code, § 37-301, which states in effect that equity jurisdiction exists "where accounts are complicated

and intricate." While there are allegations that the account is complicated and intricate, the facts pleaded in this connection do not indicate any reason why, if an auditor be needed, one appointed at law under the Code, § 10-102 et seq., could not give the complainant adequate relief. *Manry* v. *Hendricks*, 192 *Ga.* 319 (15 S. E. 2d, 434). See also *Futrelle* v. *Karsman*, 169 *Ga.* 371 (150 S. E. 94); *Goodwyn* v. *Roop*, 181 *Ga.* 327 (182 S. E. 4); *Moseley* v. *Alspaugh*, 192 *Ga.* 216 (14 S. E. 2d, 737). While another prayer of the original petition, to wit, "that title to said property be decreed in petitioner's name," was never formally and in terms stricken, this prayer was abandoned by the language of the amendment that petitioner had stricken all prayers from her petition as to a recovery of title, and elected to proceed against the defendant for damages.

The equity features which this case originally contained having been abandoned or eliminated before the judgment complained of, sustaining the demurrer and dismissing the action, the Court of Appeals and not this court has jurisdiction. *Brandt* v. *Buckley*, 151 *Ga.* 582 (107 S. E. 773); *Cochran* v. *Stephens*, 155 *Ga.* 134 (116 S. E. 303); *United States Fidelity &c. Co.* v. *Koehler*, 161 *Ga.* 934 (132 S. E. 64); *Coats* v. *Casey*, 162 *Ga.* 236 (133 S. E. 237); *Byrd* v. *Piha*, 169 *Ga.* 115 (149 S. E. 699); *Martin* v. *Deaton*, 172 *Ga.* 557 (158 S. E. 331); *Brightwell* v. *Oglethorpe Telephone Co.*, 176 *Ga.* 65 (106 S. E. 646); *Gilbert Hotel* v. *Black*, 192 *Ga.* 641 (16 S. E. 2d, 435).

*Transferred to the Court of Appeals. All the Justices concur, except Duckworth, J., who dissents.*