OVERSTREET *et al. v.* SCHULMAN.

CANDLER, Justice. On March 22, 1946, S. W. Overstreet, J. W. Overstreet, and R. G. Foster brought an equitable proceeding in the Superior Court of Jefferson County against Edwin L. Schulman to dissolve a partnership which they (plaintiffs and defendant) were operating under the name of "Wadley Shirt & Sportswear Company," upon the ground that the defendant was mismanaging its affairs, and for the appointment of a receiver. On April 6, 1946, after reciting that the defendant had made no appearance in response to a rule nisi, the court appointed a permanent receiver. This order was not excepted to. On April 30, 1946, the defendant filed an answer and cross-action. His answer denied all the allegations of misconduct on his part, and alleged that the plaintiffs had conspired together to wrongfully deprive him of his interest in the partnership assets, the value of which, because of his efforts, was in excess of the original amount invested. He further alleged that the partnership was indebted to him in the sum of $3600 for salary and expenses incurred. He prayed: that a sale which the receiver had made of the partnership assets be set aside; that the receiver and the plaintiffs be enjoined from making any transfer of the partnership property; that the receiver be required to increase his bond; and that he have judgment against the plaintiffs for the amount due him, and that his judgment be declared a lien on the property and/or funds in the hands of the plaintiffs and/or the receiver. On May 2, 1946, the court allowed, subject to demurrer, an amendment to the defendant's answer and cross-action, further alleging that the plaintiffs had conspired with each other to breach the articles of partnership and to injure him. In the amendment he alleged that he had been damaged by their wrongful acts in the sum of $28,150, and prayed for a judgment against the plaintiffs in that amount. On May 9, 1946, by consent of all the parties and their counsel, a receiver's sale of the partnership property for $35,000 was confirmed and the receiver was authorized and directed to consummate his sale. This order was not excepted to. On May 12, 1946, the plaintiffs moved to strike the amended answer and cross-action upon the ground that the claim therein made for damages could not be set off against the action brought by them. The motion was overruled, and to that judgment exceptions pendente lite were duly filed, upon which error has

been assigned. On May 12, 1946, the defendant filed a motion praying that he be allowed to open and conclude the argument. In his motion he alleged that all issues made by the petition had become moot and admitted that the partnership should be dissolved. He consented for the court to enter a decree to that effect subject only to a determination by the jury of what amount of damages, if any, he should recover from the plaintiffs for their alleged violation of the articles of partnership. Upon this issue he assumed the burden of proof. The motion was sustained, and to that judgment exceptions pendente lite were duly filed, upon which error has been assigned. The case proceeded to trial and the only issue submitted to the jury was the question of damages. The jury returned a verdict in the defendant's favor for $1500. Error is assigned upon a judgment overruling the plaintiffs amended motion for new trial. *Held:*

All issues for equitable relief having been eliminated during the pendency of the suit, and the writ of error presenting questions for decision relating only to common-law relief, viz., the right to recover damages upon a tort action, the Court of Appeals and not this court has jurisdiction. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538); *Brandt* v. *Buckley,* 151 *Ga.* 582 (107 S. E. 773); *Coats* v. *Casey,* 162 *Ga.* 236 (133 S. E. 236); *Brightwell* v. *Oglethorpe Telephone Co.,* 176 *Ga.* 65 (166 S. E. 646); *Mills Lumber Co.* v. *Milam,* 184 *Ga.* 455 (192 S. E. 35); *Bartlett* v. *Walker,* 189 *Ga.* 154 (5 S. E. 2d, 373). In accordance with the provision of the Constitution embodied in the Code (Ann. Supp.), § 2-3704, the case is

*Transferred to the Court of Appeals. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16060. FEBRUARY 10, 1948.

*M. C. Barwick, Q. L. Bryant,* and *Hugh Howell,* for plaintiffs. *Maurice Steinberg* and *N. J. Smith,* for defendant.

