ANAGNOSTIS *v*. ALEXANDROU.

BELL, Justice. The plaintiff sued for the equitable relief of specific performance, based upon an alleged written contract. The defendant filed a general demurrer, urging several reasons why the petition should be dismissed as failing to state a cause of action; whereupon the court passed the following order: "The parties by their attorneys consenting, the grounds of the foregoing demurrer are sustained with the right for the plaintiff to amend his petition within ten days from this date, and in default of said amendment being filed this case is to stand dismissed." Within the ten-day period, the plaintiff offered an amendment, seeking to convert the petition into an action at law for damages for an alleged breach of the contract. The amendment was allowed subject to demurrer. The court thereafter sustained a demurrer to the petition as amended, and the plaintiff excepted. On this state of facts, the question arises as to whether this court rather than the Court of Appeals has jurisdiction of the writ of error. *Held*:

1. The first order on demurrer as quoted above, not having been excepted to or set aside, necessarily adjudicated that the petition as it then stood did not state a cause of action for the equitable relief prayed (*Howell* v. *Fulton Bag & Cotton Mills*, 188 *Ga.* 488, 490 (1), 4 S. E. 2d, 181; *Jones* v. *Butler*, 191 *Ga.* 126, 12 S. E. 2d, 326); and since the amendment as later offered did not seek to *reinvest* the petition with any equitable feature, the suit must be treated as having ceased to be one *in equity*, under the terms of the first order. *Peyton* v. *Rylee*, 191 *Ga.* 40 (11 S. E. 2d, 195); *Luke* v. *Ellis*, 201 *Ga.* 482 (40 S. E. 2d, 85).

2. In determining whether the case is now an equity case within the jurisdiction of the Supreme Court, or is an action at law within the jurisdiction of the Court of Appeals, it "must be appraised in the character it bore at the time" of the judgment complained of. *Gilbert Hotel No. 22* v. *Black*, 192 *Ga.* 641, 643 (16 S. E. 2d, 435). Since the only judgment complained of is the judgment sustaining the general demurrer to the petition as amended, and since at the time this judgment was entered

the petition had ceased to be a suit in equity, in virtue of the previous order on demurrer, it necessarily follows that the writ of error does not present an equity case, so as to authorize its retention by this court. *Frigidice Company* v. *Southeastern Fair Association,* 186 *Ga.* 263 (197 S. E. 809); *Fuller* v. *Calhoun National Bank,* 186 *Ga.* 770 (199 S. E. 116); *Frazier* v. *Beasley,* 186 *Ga.* 861 (199 S. E. 194).

3. The instant case differs from *Harrell* v. *Parker,* 186 *Ga.* 760, 766 (198 S. E. 776), in which the propriety of an amendment striking the equitable features of the case was brought into question by writ of error, and it was considered that "in the meantime, the petition must continue to be treated as an equity case," but in which case there was no previous order or judgment adjudicating otherwise, such as the judgment quoted supra. The present case is in like manner distinguished by its facts from *Shoup* v. *Elliott,* 192 *Ga.* 213 (14 S. E. 2d, 736), and *O'Rear* v. *Lamb,* 194 *Ga.* 455, 462 (22 S. E. 2d, 74), which were similar to *Harrell* v. *Parker* as related to jurisdiction.

4. Under the preceding rulings, this court does not have jurisdiction of the writ of error, and it is therefore

*Transferred to the Court of Appeals. All the Justices concur, except Wyatt, J., absent on account of illness.*

No. 16148. June 11, 1948.

*Candler, Cox & McClain,* for plaintiff.
*Walter A. Sims,* for defendant.