GRAHAM *v.* LYNCH; *et vice versa.*

WYATT, Justice. Lynch filed a petition against Graham, seeking a declaratory judgment, attorney's fees, specific performance, an injunction against the foreclosure of a security deed or the pursuit by the defendant of any other form of action until the final termination of the litigation, and general relief. By consent of the parties, an order was entered on October 1, 1948, restraining the defendant "from exercising the power of sale in a deed to secure debt referred to in the petition and from foreclosing the same in any manner whatsoever pending final determination of this case on its merits." There was no exception to this judgment. On January 20, 1949, on the final trial of the case, counsel for the parties entered into the following stipulation: "It is agreed that the only issues in this case are: (a) whether or not Graham, as seller of the real estate involved, had the legal right to contract with Lynch, the purchaser thereof, for a deed to secure debt whereby said property was reconveyed as security for purchase-money notes representing the balance of the purchase-price to be paid on the monthly payment plan at five (5%) percent interest per year on full amount of loan, which interest exceeds the maximum of eight (8%) percent simple interest allowed by law, said debt deed purchase-money notes having been executed pursuant to § 57-116 of the Code of Georgia, which permits charging of interest of six (6%) percent or less on monthly payment plan; (b) if Graham had no such right, is he entitled to seven (7%) percent simple interest on said indebtedness, or is the entire interest forfeited pursuant to § 57-112 of the Code of Georgia"; (c) whether the maker of the deed to secure debt is entitled to attorney's fees. The trial court rendered a judgment on these issues only, to which both parties excepted. *Held:*

The parties having consented to an injunction, pending the termination of the case, to which there was no exception, and ·on the final trial of the

case, by consent and stipulation, having eliminated all issues in this case except the declaratory relief sought, as above indicated, all equity features of the case have been eliminated, and the Court of Appeals and not this court has jurisdiction of the writ of error. *Gilbert Hotel* v. *Black,* 192 *Ga.* 641 (16 S. E. 2d, 435); *Swinson* v. *Jones,* 198 *Ga.* 327 (31 S. E. 2d, 592); *Swett* v. *Life & Casualty Ins. Co. of Tenn.,* 201 *Ga.* 796 (41 S. E. 2d, 313); *Felton* v. *Chandler,* 201 *Ga.* 347 (39 S. E. 2d, 654).

*Transferred to the Court of Appeals. All the Justices concur.*

Nos. 16599, 16600. APRIL 13, 1949.

*Aaron Kravitch* and *Casper Wiseman,* for plaintiff in error.
*John M. Brennan,* contra.