19323. SIMONTON CONSTRUCTION CO. *et al. v.* POPE *et al.*

ARGUED MAY 14, 1956—DECIDED JULY 9, 1956.

*William J. Wiggins, Robert D. Tisinger,* for plaintiff in error.
*Shirley C. Boykin, Boykin & Boykin, D. B. Howe, Guy Parker, Harry S. McCowen, A. B. Parker,* contra.

DUCKWORTH, Chief Justice. We transferred this case to the Court of Appeals upon the ground that it contained no equity and, it being a case at law, that court had jurisdiction. But the defendants in error complained strongly in a motion for rehearing and asserted that it was an equity case; and being caused by the motion to doubt the soundness of our ruling, we granted the motion, vacated our judgment, and withdrew the opinion.

The suit was by a subcontractor against the contractor to recover an amount stated to the exact cent. The answer set up a setoff in the amount alleged to have been spent in completing the buildings after the plaintiff quit before finishing them, and tendered into court the difference in this expense and the amount covered by the contract. Thus was stated a plain simple suit, which by simple mathematics and law could have been decided without difficulty; and there is ample statutory provision for intervention by sureties and other claimants in a plain suit at law. Code § 23-1708; *Whitley* v. *Bryant,* 59 *Ga. App.* 58, 61 (200

S. E. 317), and cases cited therein. But there were amendments and amendments seeking to make new parties, and praying for injunctions until the case was tried. The trial judge ordered everything asked for, required the new parties to intervene, and granted the restraining orders. None of such orders were excepted to and they are now the law of the case in so far as these parties are concerned. The orders to intervene in a law case could have been but were not challenged. The intervenors must therefore be treated as volunteer intervenors, as they had the plain legal right to be under the law cited above. They can not complain to this court for deciding that the case was a law case simply because they obeyed a court order they chose to obey rather than challenge. Law cases can not be thus converted into equity cases. The grant of the injunction is unexcepted to, and thus has finally settled and taken out of the case all equity involved therein, and this was the status of the case when the auditor made his findings. The only questions brought under review by this writ of error are rulings and findings of the auditor. Neither the judge's orders to intervene nor his restraining orders are involved. Thus is plainly demonstrated that the case here is one of law; all matters that could have been equity were eliminated from the case before the auditor made his rulings. Repeated decisions of this court require in such cases a ruling that this court is without jurisdiction. *Martin* v. *Home Owners Loan Corp.*, 198 *Ga.* 288, 291 (31 S. E. 2d 407); *Jackson Elec. Membership Corp.* v. *Echols*, 207 *Ga.* 707 (63 S. E. 2d 900); *Miller* v. *Ray*, 208 *Ga.* 27 (64 S. E. 2d 449); *Tribble* v. *Smith*, 208 *Ga.* 632 (68 S. E. 2d 567), and other cases cited in the above cases.

The allegations repeatedly made that there should be an equitable accounting, that equity should decree complete justice, and that a multiplicity of suits will be avoided if equity takes jurisdiction, with a total absence of any prayers for equitable accounting, fail to convert this simple suit at law into one in equity. Whether this is an equity case or one at law is vitally important on the matter of who decides exceptions of fact. If at law, they must be decided by a jury, but in equity the judge may decide them. Doubtless the legislature had this vital difference in mind when it enacted Code § 23-1708, and thereby eliminated any cause for going to equity to make parties not essential to a judg-

ment in the main case to deprive parties of this right of jury trial of issues of fact.

Therefore, having carefully considered the entire case, we conclude that the only just and lawful judgment the Supreme Court can render is one transferring the writ of error to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur, except Wyatt, P. J., disqualified.*