19512. Douglas-Guardian Warehouse Corp. *v.* Todd *et al.*

Duckworth, Chief Justice. The test of a case as made by writ of error to the Supreme Court as to whether it is one in equity, and hence reviewable by the Supreme Court (Code, Ann., § 2-3704), is not what it might have been at any given time during its pendency in the trial court, but what remained in it and is brought here for review. Matters eliminated either by the parties or by order of the trial court constitute no part of the case in the Supreme Court. *Cochran* v. *Stephens,* 155 *Ga.* 134 (116 S. E. 303); *Coats* v. *Casey,* 162 *Ga.* 236 (133 S. E. 237); *Benton* v. *Benton,* 164 *Ga.* 541, 543 (139 S. E. 68); *Jones* v. *Pierce,* 192 *Ga.* 217, 219 (14 S. E. 2d 739); *Gilbert Hotel No. 22* v. *Black,* 192 *Ga.* 641 (16 S. E. 2d 435); *Overstreet* v. *Schulman,* 203 *Ga.* 284 (46 S. E. 2d 344); *Anagnostis* v. *Alexandrou,* 203 *Ga.* 752 (48 S. E. 2d 521).

The only equity the case ever had was prayers for injunctive relief. These were effectively and completely eliminated in the modification order and, in so far as plaintiff's prayers were concerned, by the consent order entered January 12, 1949, expressly dissolving the only injunctive order issued in its favor, to which no exception was taken. There is no basis for an equitable accounting under Code § 37-301, and none was sought. And the final order denying an injunction does not make the case one in equity, since this was surplusage under the earlier consent degree. See *Gormley* v. *Slicer,* 178 *Ga.* 85 (172 S. E. 21). Thus the case is now one purely of law, and consequently the Court of Appeals and not this court has jurisdiction. See *Rabun* v. *Wynn,* 211 *Ga.* 446 (86 S. E. 2d 305); *Simonton Construction Co.* v. *Pope,* 212 *Ga.* 456 (93 S. E. 2d 712).

*Transferred to the Court of Appeals. All the Justices concur.*

Argued November 13, 1956—Decided January 14, 1957.

*G. H. Mingledorff, Gibson & Maddox, Larry E. Pedrick, Bennett, Pedrick & Bennett,* for plaintiff in error.

*Lippitt & Lippitt, R. A. Moore,* contra.