20113.   PICKETT *et al. v.* GEORGIA, FLORIDA &
ALABAMA RAILROAD CO.

MOBLEY, Justice.   This case arose when the plaintiffs filed their petition in equity seeking to enjoin the defendant railroad from condemning their land and praying for attorney's fees as damages for bringing this action on the grounds that the

railroad was unlawfully attempting to condemn the plaintiff's land, had acted in bad faith, and had caused them the unnecessary trouble and expense of maintaining the present suit. Before a hearing was had on the defendant's general demurrer to the petition, the defendant railroad filed a motion in the condemnation case seeking to dismiss that proceeding against the plaintiffs. No action was taken on the motion to dismiss since the plaintiffs would not agree to a dismissal of that proceeding until their alleged damages, consisting of attorney's fees, were paid. The trial court sustained the general demurrer to the plaintiffs' petition seeking injunctive relief and attorney's fees, and the plaintiffs have excepted. *Held:*

Counsel for both parties admit in this court that no question is presented with respect to injunctive relief and that the only question to be decided is whether the petition is sufficient to withstand a general demurrer as to the plaintiffs' right to recover the attorney's fees in the instant case as damages for the alleged bad faith of the railroad in bringing the original condemnation proceeding which the plaintiffs contend caused them unnecessary trouble and expense in defending against said proceeding. Since no question is presented in the case over which this court has jurisdiction, the case must be transferred to the Court of Appeals, and it is so ordered. *Simonton Construction Co.* v. *Pope,* 212 *Ga.* 456 (93 S. E. 2d 712); *Douglas-Guardian Warehouse Corp.* v. *Todd,* 212 *Ga.* 791 (96 S. E. 2d 275); *Rabun* v. *Wynn,* 211 *Ga.* 446 (86 S. E. 2d 305).

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED JUNE 9, 1958—DECIDED JUNE 17, 1958.

*J. E. B. Stewart,* for plaintiffs in error.
*Dykes, Dykes & Marshall, T. O. Marshall, Jr.,* contra.