### 20692.   TAYLOR *v.* MURRAY.

WYATT, Presiding Justice. The instant case is a suit to determine a dividing line between two adjoining landowners, for trespass and cutting of timber, and to recover the value of the timber cut and removed. The petitioner also sought a temporary and permanent injunction. A temporary injunction was granted, to which no exception was taken. The case proceeded to trial and the jury found in favor of the line contended for by the plaintiff and awarded him $144 for timber cut across the line found by them. The jury made no finding with reference to the injunction, and it was thus eliminated from the case. *Held:*

It is clear that the Court of Appeals and not this Court has jurisdiction of this writ of error. The case is not one "respecting title to land," but only involves the proper location of a boundary between coterminous landowners. *Lewis* v. *Fry*, 194 *Ga.*

842 (22 S. E. 2d 817); *Johnson* v. *Woodward Lumber Co.,* 202 *Ga.* 288 (42 S. E. 2d 639). Nor is the case an equity case within the meaning of Code § 2-3704. Although it started out as an equity case, the verdict of the jury eliminated the injunction feature, and there is now involved only the question as to the proper dividing line and the damages to be awarded for the timber cut and removed. There is no exception to any ruling on any equity feature of the case. "The equity features which this case originally contained having been abandoned or eliminated before it came to judgment in the trial court, and no ruling upon any question involving equity being under review, the Court of Appeals and not this court has jurisdiction." *Gilbert Hotel No. 22* v. *Black,* 192 *Ga.* 641 (16 S. E. 2d 435), and cases there cited. See also *Douglas-Guardian Warehouse Corp.* v. *Todd,* 212 *Ga.* 791 (96 S. E. 2d 275); *Simonton Construction Co.* v. *Pope,* 212 *Ga.* 456 (93 S. E. 2d 712). Accordingly, this writ of error must be

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960.

*Robert H. Jordan,* for plaintiff in error.

*Albert W. Stubbs, Hatcher, Smith, Stubbs & Rothschild,* contra.