20803. LORENZ v. DeKALB COUNTY.

HAWKINS, Justice. The exception here is to a judgment sustaining a general demurrer to the plaintiff's petition, which originally sought to enjoin the maintenance of an alleged continuing nuisance, and to recover damages for the alleged interference with the natural flow, and the concentration and discharge of surface waters by the defendant upon the property of the plaintiff, to his injury and damage. Held:

1. The test as to whether a case is one in equity, and hence reviewable by the Supreme Court, is not what it might have been at any given time during its pendency in the trial court, but what remains in it when judgment is to be rendered. Matters eliminated by the parties or their counsel constitute no part of the case in the Supreme Court. Douglas-Guardian Warehouse Corp. v. Todd, 212 Ga. 791 (96 S. E. 2d 275); Leggitt v. Allen, 208 Ga. 298 (66 S. E. 2d 709).

2. During the oral argument in this court, counsel for the plaintiff in error having expressly abandoned, and thereby eliminated, the injunctive feature of the case, and elected to proceed only for the recovery of a money judgment for damages, the case is no longer one involving equity, and the Court of Appeals, and not the Supreme Court, has jurisdiction of the writ of error. Patterson v. Correll, 211 Ga. 372 (86 S. E. 2d 113); Citizens Bank of Hapeville v. Thompson, 214 Ga. 674 (107 S. E. 2d 175).

Transferred to the Court of Appeals. All the Justices concur.

ARGUED FEBRUARY 8, 1960—DECIDED FEBRUARY 25, 1960.

Zachary & Hunter, for plaintiff in error.
George P. Dillard, W. Dan Greer, contra.