20924.   GANDY *et al.* v. THE ROBINSON COMPANY.

ARGUED JUNE 13, 1960—DECIDED JULY 7, 1960.

*Adams, O'Neal, Steele & Thornton, Charles F. Adams,* for plaintiffs in error.

*Sams & Sams,* contra.

DUCKWORTH, Chief Justice.   The Chief of Police is not a party, and all parties have consented to the storage of the goods in his possession until a legal determination can be made as to

its ownership. There has been no equitable order in the case, nor has any equitable hearing been held, although the court set such a hearing over two years ago. Certainly the prayer for injunctive relief as to the Chief of Police, who is not a party to the action, can not now be said to make this an equity case since this prayer has been answered by consent and without issue thereon. *Overstreet v. Schulman,* 203 Ga. 284 (46 S. E. 2d 344); *Rabun v. Wynn,* 211 Ga. 446 (86 S. E. 2d 305); *Simonton Construction Co. v. Pope,* 212 Ga. 456 (93 S. E. 2d 712); *Douglas-Guardian Warehouse Corp. v. Todd,* 212 Ga. 791 (96 S. E. 2d 275). The action remaining is one ex delicto for damages for fraud arising out of a conspiracy to cheat and defraud the petitioner out of its property, and the petitioner prays for a money judgment with a special lien on the property found. While it is true that, in all cases of fraud, equity has concurrent jurisdiction with the law, equity takes jurisdiction only where the operation of the general rules of law would be deficient in protecting the rights of the complaining party. Code § 37-701; *Aetna Ins. Co. v. Lunsford,* 179 Ga. 716, 719 (177 S. E. 727). If the property is found and can be identified, it is the property of the petitioner and can be recovered by a trover action at law. If the property is not found, and the petitioner can prove that it was stolen from him by these defendants, then he is entitled to a judgment against them. Certainly none of these allegations authorize equity to take jurisdiction.

However, counsel for the defendant in error, which was the petitioner in the lower court, insists that the case involves complicated and intricate accounts, requiring equitable jurisdiction under Code § 37-301. No pleadings are shown whereby the accounting would be intricate and complicated, but mere allegations are shown that the merchandise was stolen from the petitioner by the conspirators at various times, and it seeks an accounting because the exact amount stolen from it is unknown. There are no averments for an equitable accounting, and the prayer does not request same, hence no equitable jurisdiction is shown. *Burress v. Montgomery,* 148 Ga. 548 (97 S. E. 538); *Martin v. Home Owners Loan Corp.,* 198 Ga. 288 (31 S. E. 2d 407); *Dorough v. Pettus,* 215 Ga. 649 (112 S. E. 2d

592). By brief counsel for the defendant in error insists that equity should take jurisdiction to avoid a multiplicity of suits. None of the averments of the petition set out the possibility of a multiplicity of suits, but merely allege a conspiracy by these parties, whose residences are in different counties of the State, to cheat and defraud the petitioner out of its property. Hence we can not find any reason to take jurisdiction under this argument. However, the only part of the petition, outside of the allegation that the petitioner has no adequate remedy, which reflects equity jurisdiction, is in the prayer that the defendants be restrained from disposing of said properties pending a hearing by this court. What properties? There are no allegations that any of the properties are available save those in the hands of the Chief of Police, and we have already pointed out that any equity involved in restraining him from disposing of the goods has been disposed of by the consent of the parties and failure of that person to contest his restraint, if indeed such a restraint has been issued. Prayers for equitable relief without averments in the petition giving equity jurisdiction do not make an equity case. *Williams v. Aycock*, 180 Ga. 570 (179 S. E. 770); *Atlanta Finance Co. v. Fitzgerald*, 189 Ga. 121 (5 S. E. 2d 242); *Carter v. State of Ga.*, 211 Ga. 824 (89 S. E. 2d 175); *Hollinshed v. Shadrick*, 212 Ga. 624 (94 S. E. 2d 705). Thus, if at any time this case was an equity case, it can no longer be said to be one, and the Court of Appeals and not this court has jurisdiction of the writ of error.

*Returned to the Court of Appeals. All the Justices concur.*