22848.   BENTON et al. v. STATE HIGHWAY
DEPARTMENT.

ARGUED FEBRUARY 9, 1965—DECIDED FEBRUARY 19, 1965.

*Bloch, Hall, Groover & Hawkins, Denmark Groover, Jr.,* for plaintiffs in error.

*Eugene Cook, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, Benson Ham,* contra.

HEAD, Presiding Justice. Where the State Highway Department brings a proceeding in rem to condemn described property, the owners of the property must litigate all issues pertaining to the land in the condemnation proceeding. *Jeffrey McElreath Mfg. Co. v. Hill,* 212 Ga. 183 (91 SE2d 337); *Fulton County v. Aronson,* 216 Ga. 497 (117 SE2d 166); *State Highway Dept. v. McCurdy,* 217 Ga. 731 (124 SE2d 630).

In the present case the owners of the land, desiring to contest the right of the State Highway Department to condemn the land described, filed their motion to vacate and set aside in the condemnation proceeding, as authorized by Ga. L. 1961, pp. 517, 520, as amended by Ga. L. 1962, Ex. Sess., Sept.-Oct., p. 37 (*Code Ann. Supp.* § 36-1303). This motion prayed that the State Highway Department be temporarily and permanently restrained and enjoined from taking possession of, or interfering with, their land. No injunction was granted, and on the hearing the petition or motion was dismissed. The application for a supersedeas was denied. The prayers for injunction were therefore effectively and completely eliminated as an issue in the cause, since no assignment of error appears in the bill of exceptions on the refusal of the court to grant any restraining order. The assignment of error in the bill of exceptions involves only the question as to whether or not the State Highway Department had the right to condemn the described property.

"The test of a case as made by writ of error to the Supreme Court as to whether it is one in equity, and hence reviewable by the Supreme Court (*Code, Ann.,* § 2-3704), is not what it might have been at any given time during its pendency in the trial court, but what remained in it and is brought here for review. Matters eliminated either by the parties or by order of the trial court constitute no part of the case in the Supreme Court. *Cochran v. Stephens,* 155 Ga. 134 (116 SE 303); *Coats v. Casey,* 162 Ga. 236 (133 SE 237); *Benton v. Benton,* 164 Ga. 541, 543 (139 SE 68); *Jones v. Pierce,* 192 Ga. 217, 219 (14 SE2d 739); *Gilbert Hotel No. 22 v. Black,* 192 Ga. 641 (16 SE2d 435); *Overstreet v. Schulman,* 203 Ga. 284 (46 SE2d 344); *Anagnostis v. Alexandrou,* 203 Ga. 752 (48 SE2d 521)." *Douglas-Guardian Warehouse Corp. v. Todd,* 212 Ga. 791 (96 SE2d 275). See also *Williams & Templeton v. Brewer,* 211 Ga. 786 (89 SE2d 269); *Simonton Construction Co. v. Pope,* 212 Ga. 456 (93 SE2d 712); *Pickett v. Ga. Fla. & Ala. R. Co.,* 214 Ga. 263 (104 SE2d 450); *Taylor v. Murray,* 215 Ga. 628 (112 SE2d 583); *Lorenz v. DeKalb County,* 215 Ga. 731 (113 SE2d 404). In *Douglas-Guardian Warehouse Corp. v. Todd,* 212 Ga. 791, supra, a restraining order had been granted but there was an order dissolving the

restraining order and no exception was taken to the order of dissolution.

The attack on the declaration of taking in the present case is not based on any provision of the 1962 amendment (Ga. L. 1962, Ex. Sess., Sept.-Oct., pp. 37-47, *Code Ann. Supp.* § 36-1303) relating to *Code* § 37-709, pertaining to fraud or bad faith. However, with proper pleadings and parties a judgment may be set aside in a court of law for fraud. *Ford v. Clark*, 129 Ga. 292 (1) (58 SE 818); *Albright v. American Central Ins. Co.*, 147 Ga. 492 (1) (94 SE 561); *Roberts v. Roberts*, 150 Ga. 757 (105 SE 448).

The sole issue here is whether or not the condemnation of the property for the use intended was an improper use, abuse, or misuse of the powers conferred on the State Highway Department which might be set aside under Section 3, Subsections (b) and (c), of Ga. L. 1962, Ex. Sess., Sept.-Oct., pp. 37, 39 (*Code Ann. Supp.* § 36-1303 (b and c)). This legal question is solely within the jurisdiction of the Court of Appeals under the facts of this case, and it is therefore ordered that the cause be, and it is hereby,

*Remanded to the Court of Appeals. All the Justices concur.*