23559. WILLIAMS v. SHAFFER et al.
25360. MARTIN v. SHAFFER et al.

QUILLIAN, Justice. Willie Williams and Sam Martin instituted separate actions against their landlord Joseph N. Shaffer. These cases are in all material aspects alike. In each case, brought through the same counsel, the injunction is sought to prevent the plaintiff's eviction in a dispossessory warrant proceeding on the sole grounds that "annotated Code section 61-303" is unconstitutional in that it requires the tenant in such an action to file a bond, as a condition to entering a counteraffidavit. The trial judge upon oral motion struck the petition in each case.

The constitutional attack on the statute is couched in the following language: "Petitioner avers that he has no plain and adequate remedy at law, by reason of the facial unconstitutionality of Title 61, Georgia Code Annotated, Section 303. Said statute violates the due process and equal protection of law clauses of the Fourteenth Amendment, United States Constitution, and Article I, paragraphs 3 and 25, Constitution of the State of Georgia of 1945, in that, said statute invidiously bars petitioner from obtaining judicial review in the courts of the State of Georgia of any defenses which he may have to said eviction solely because of his poverty and denies the petitioner equal access to the courts of the State of Georgia. Said statute reads as follows: '61-303. . . The tenant may arrest the proceedings and prevent the removal of himself and his goods from the land by declaring on oath that his lease or term of rent has not expired, and that he is not holding possession of the premises over and beyond his term, or that the rent claimed is not due, or that he does not hold the premises, either by lease, or rent, or at will, or by sufferance, or otherwise, from the person who made the affidavit on which the warrant issued, or from anyone under whom he claims the premises, or from anyone claiming the premises under him: Provided, such tenant shall at the same time tender a bond with good security, payable to the landlord, for the payment of such sum, with costs, as may be recovered against him on the trial of the case. . .' As applied said statute bars petitioner from directly challenging the dispossessory proceedings in the courts of the State of Georgia solely because of his poverty and thereby denied petitioner due process and

equal protection of the law in violation of the Fourteenth Amendment, United States Constitution and of Article II, paragraphs 3 and 25, Constitution of the State of Georgia of 1945." The appeals in these cases are identical and each reads that the plaintiff "appeals to the Supreme Court of Georgia from the final order and judgment denying plaintiff's prayers for injunctive relief and dismissing his petition on oral motion of the defendant. . ."

The same enumeration of error and statements are contained in each appellant's brief, which read: "1. Whether Title 61, Georgia Code Annotated, Section 303, requiring the posting of a bond as a condition precedent to making a defense by a tenant in dispossessory proceedings,. constitutes a violation of the Fourteenth Amendment, Constitution of the United States, and of Article I, paragraphs 3 and 25, Constitution of the State of Georgia of 1945, where the tenant is impoverished and unable to provide such bond. . . [Grounds 2 and 3 need not be set out here.] Appellant abandons enumeration of error 2 (a), (b) and 3 and does not insist on them on appeal. Appellant relies entirely upon his challenge to the constitutionality of Section 303 as the grounds for reversal." It is frankly stated in each brief: "The court .below, on March 2, 1966, dismissed the petition and denied all relief, without allowing Sheriff Grimes to be named as a party defendant. Appellant then, on March 2, 1965, filed a notice of appeal. The court below refused to stay the dispossessory proceedings and on March 5, 1966, the Sheriff of Fulton County evicted appellant from the premises."

In an effort to set forth a right to a declaratory judgment each petition alleges: "There is an actual controversy existing between him and the defendant as to petitioner's right to resist said dispossessory proceedings without posting bond and to proceed on a pauper's affidavit." There is no allegation of facts or circumstances which shows that an adjudication of the plaintiff's rights is necessary in order to relieve the plaintiff from the risk of taking any future undirected action incident to his rights. Incidental to the prayer for injunction is the following prayer: "that the petitioner have a declaratory judgment declaring, adjudging and decreeing Title 61, Georgia Code Annotated, Section 303, unconstitutional, null and void, upon its face and as applied, under the due process and equal protection clause of the Fourteenth Amendment,

United States Constitution, and Article II, paragraphs 3 and 25, Constitution of the State of Georgia of 1945." *Held:*

The Appellate Practice Act of 1965, embodied in *Code Ann.* § 6-701 (Ga. L. 1965, pp. 18, 20), brings forward the provision contained in previous codes: "Nothing in this paragraph shall require the appellate court to pass upon questions which are rendered moot." This court held in *Clower v. Langley,* 153 Ga. 154 (111 SE 563): "Exception is taken to the refusal of an injunction to restrain the execution of a dispossessory warrant. The brief of counsel for the plaintiff recites that 'since the filing of the bill of exceptions in this case, about ten days ago, plaintiff was dispossessed by the marshal of the municipal court; she is no longer in possession of the premises involved in this action; and therefore the questions involved are moot.' The bill of exceptions is therefore dismissed." As held in *Griffin v. Grantham,* 220 Ga. 474 (139 SE2d 398): "since all that was sought to be enjoined has been done, the case has become moot and the writ of error must be dismissed." Similar pronouncements are found in *Pickett v. Georgia, Fla. &c. R. Co.,* 214 Ga. 263 (104 SE2d 450); *Lorenz v. DeKalb County,* 215 Ga. 731 (113 SE2d 404); *Espey v. Village of North Atlanta,* 218 Ga. 429 (128 SE2d 489); *Woods v. State of Ga.,* 219 Ga. 503 (133 SE2d 865); *Trainer v. City of Covington,* 220 Ga. 228 (138 SE2d 170). The appellants having been evicted in the present cases, the suits to enjoin their removal from the rented premises become moot.

" 'The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated.' *Rowan v. Herring,* 214 Ga. 370, 374 (105 SE2d 29). . . Where, as here, the petition shows that the rights of the parties have already accrued and no facts or circumstances are alleged which show that an adjudication of the plaintiffs' rights is necessary in order to relieve the plaintiffs from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interests, the petition fails to state a cause of action for declaratory judgment." *Pinkard v. Mendel,* 216 Ga. 487 (117 SE2d 336). So the suits as related to declaratory judgment not only become moot, but under the quoted pronouncement set forth no cause for that relief.

*Appeals dismissed. All the Justices concur.*

ARGUED JUNE 15, 1966—DECIDED JUNE 23, 1966—
REHEARING DENIED JULY 7, 1966.

*Howard Moore, Jr., Charles H. Jones, Jr.,* for appellants.

*Saul Blau, Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* for appellees.

*Huie, Etheridge & Harland, James R. Harland, Jr., Tom Watson Brown,* for party at interest not party to record.