### 24525. DUNAWAY v. EMPIRE MORTGAGE & INVESTMENT COMPANY.

FRANKUM, Justice. For the purpose of determining whether the case is one within the appellate jurisdiction of this court, or of the Court of Appeals, the question is not what the case was at any given time, but what remains therein and is brought to the appellate court for review. *Douglas-Guardian Whse. Corp. v. Todd,* 212 Ga. 791 (96 SE2d 275); *City of Columbus v. Atlanta Cigar Co.,* 220 Ga. 533, 534 (140 SE2d 267). Accordingly, where all the equitable features of a case (there being no other basis for this court to entertain jurisdiction of the appeal) have been eliminated by the parties, either by amendment of the pleadings in the trial court or by order of the trial court unexcepted to (*Brightwell v. Oglethorpe Telephone Co.,* 176 Ga. 65 (166 SE 646); *Mills Lumber Co. v. Milam,* 184 Ga. 455 (192 SE 35); *Martin v. H. O. L. C.,* 198 Ga. 288 (31 SE2d 407); *Douglas-Guardian Whse. Corp. v. Todd,* supra; *Woods v. State of Ga.,* 219 Ga. 503 (133 SE2d 865)), or where the equitable features have been abandoned on appeal or rendered moot before the case reaches the appellate court (*Frigidice Co. v. Southeastern Fair Assn.,* 186 Ga. 263 (197 SE 804); *Leggitt v. Allen,* 208 Ga. 298 (66 SE2d 709); *Lorenz v. DeKalb County,* 215 Ga. 731 (2) (113 SE2d 404); *Trainer v. City of Covington,* 220 Ga. 228 (138 SE2d 170)), leaving only questions which the Court of Appeals has jurisdiction to decide on appeal, the case is not one within the jurisdiction of the Supreme Court, but is one for the consideration of the Court of Appeals.

Applying the foregoing principles to the facts of this case, it appears from a motion to dismiss the appeal filed by the appellee that all questions respecting the propriety of the judgment dismissing Count 1 of the petition, which was the only count that could possibly be construed as seeking any equitable relief, that before the case was docketed in this court the property with respect to which the plaintiff sought equitable relief had been sold under the power of sale contained in a senior security deed, and the plaintiff's title and interest therein divested by such sale, which showing has not been controverted by the appellant, it thus appears that the only question in the case which would give this court jurisdiction of the appeal has been rendered moot, and since other

issues are made by the appeal which are not rendered moot, the motion to dismiss is without merit and must be denied and the case is therefore one for the consideration of the Court of Appeals and not of this court. Accordingly, the appeal must be

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED MARCH 12, 1968—DECIDED APRIL 9, 1968.

*G. Hughel Harrison,* for appellant.
*Heyman & Sizemore, W. Dan Greer,* for appellee.