25141, 25142. JOHNSON et al., Trustees v. MUTUAL FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA; and vice versa.

UNDERCOFLER, Justice. This is the second appearance of this case in this court. *Mutual Federal Savings &c. Assn of Atlanta v. Johnson,* 223 Ga. 811 (158 SE2d 762). The suit involves a note and security deed given by the plaintiffs to the defendant and upon which the defendant has entered foreclosure proceedings. Plaintiffs complained that the defendant had improperly disbursed portions of the loan funds and sought to restrain the foreclosure and obtain judgment for such funds. On order of the trial judge, plaintiffs redrafted their petition, praying for a money judgment or credit on their account with the defendant, attorneys fees and for general relief. They also prayed that a previously granted order temporarily enjoining the defendant from foreclosing the security deed be continued in effect. Upon a trial of the issues, the judge directed a verdict for the defendant. Neither the appellants nor the cross appellant enumerates as error any questions involving equitable relief. *Held:*

" 'The test of a case as made by writ of error to the Supreme Court as to whether it is one in equity, and hence reviewable by the Supreme Court (*Code Ann.* § 2-3704), is not what it might have been at any given time during its pendency in the trial court, but what remained in it and is brought here for review. Matters eliminated either by the parties or by order of the trial court constitute no part of the case in the Supreme Court. *Cochran v. Stephens,* 155 Ga. 134 (116 SE 303); *Coats v. Casey,* 162 Ga. 236 (133 SE 237); *Benton v. Benton,* 164 Ga. 541, 543 (139 SE 68); *Jones v. Pierce,* 192 Ga. 217, 219 (14 SE2d 739); *Gilbert Hotel No. 22 v. Black,* 192 Ga. 641 (16 SE2d 435); *Overstreet v. Schulman,* 203 Ga. 284 (46

SE2d 344); *Anagnostis v. Alexandrou*, 203 Ga. 752 (48 SE2d 521).' *Douglas-Guardian Warehouse Corp. v. Todd*, 212 Ga. 791 (96 SE2d 275)." *Benton v. State Hwy. Dept.*, 220 Ga. 674, 676 (141 SE2d 396); *Taylor v. Murray*, 215 Ga. 628 (112 SE2d 583).

The enumerations of error do not raise any equitable issues. The only questions involved are questions of law over which the Court of Appeals has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED APRIL 16, 1969—DECIDED APRIL 24, 1969.

*D. Jane Marshall, Marjorie King*, for appellants.

*E. E. Moore, Jr.*, for appellee.