25352. TIERCE et al. v. DAVIS, Sheriff, et al.

GRICE, Justice. The Supreme Court does not have jurisdiction of this appeal from the final judgment in a case where a supermarket and its manager sought a declaratory judgment that a sales promotion conducted by them was not a lottery as contended by the defendants sheriff and district attorney. No constitutional question for this court is involved. The plaintiffs do not allege the need for construction of any constitutional provision. Rather, they allege only that certain actions of the defendants violate their rights under specified constitutional provisions. This does not present any question of construction, but involves only the application of plain and unambiguous constitutional provisions. The Court of Appeals,

and not this court, has jurisdiction of such questions. *Head v. Edgar Brothers Co.,* 187 Ga. 409 (200 SE 792).

Nor is this an equity case so as to confer jurisdiction on this court. From examination of both the allegations and prayers of the complaint it appears that no equitable relief is needed or sought. The plaintiffs allege that they will be injured unless the defendants are restrained and enjoined from proceeding with criminal prosecution against them "pending the adjudication of the questions raised in this petition," and "in order to maintain the status pending the adjudication of the case . . . the court should grant a restraining order pending said adjudication." They pray "that the defendants be restrained and enjoined from taking any further action on the said warrant as set forth in this petition or the prosecution based on said warrant." Under repeated holdings of this court this does not make an "equity case." *Felton v. Chandler,* 201 Ga. 347 (2) (39 SE2d 654); *Bivings v. City of Atlanta,* 212 Ga. 654 (94 SE2d 735); *Phoenix Assurance Co. v. Glens Falls Insurance Co.,* 215 Ga. 650 (112 SE2d 588). The fact that the trial court denied a "permanent injunction" does not make the case one in equity as this was surplusage since it was not sought. See *Douglas-Guardian Warehouse Corp. v. Todd,* 212 Ga. 791 (96 SE2d 275).

Since no basis exists for this court's jurisdiction under the Constitution (Art. VI, Sec. II, Par. IV; *Code Ann.* § 2-3704), the appeal is

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1969—DECIDED SEPTEMBER 29, 1969.

*Harry T. Lawrence,* for appellants.
*David N. Vaughan,* for appellees.