## 29653. MATUSZCZAK v. KELLY.

NICHOLS, Chief Justice.

Dorothy B. Kelly filed a complaint in the Superior Court of Gwinnett County in which she sought to domesticate a Michigan divorce decree, as amended by the Michigan court, against her former husband then a resident of Gwinnett County. The complaint also sought a ne exeat bond. One June 28, 1974 the former husband,was personally served with such complaint, the rule nisi signed by the court requiring him to show cause on August 16, 1974 as to why such ne exeat bond should not be required as well as the usual process and summons requiring an answer to the complaint within 30 days after such service.

No answer was filed within the 30-day period nor within the 15-day period following when such default could be opened as a matter of right under the provision of Section 55 of the Civil Practice Act (Ga. L. 1956, pp. 609, 659 as amended; Code Ann. § 81A-155).

On the date set for the hearing on the rule nisi, counsel for the plaintiff moved for a default judgment, and an order was entered which allowed defense counsel time to file a brief in support of defense counsel's contention that a final order should not be granted. Prior to the expiration of the period allowed for such brief, counsel for the defendant filed a petition to open default and a proposed answer to the complaint as well as a motion to dismiss the plaintiff's complaint. Thereafter, the trial court entered a judgment expressly declaring the action in default disallowing the defendant's answer and denying the petition to open such default. The judgment further incorporated the Michigan decrees in the case by reference and made such judgment the judgment of the Gwinnett County Superior Court as if they had originally been made by such court. The plaintiff and defendant were ordered to adhere strictly to the terms of each of said orders. A judgment for past-due child support as alleged in the complaint was included. The appeal is from this judgment.

1. At no time while the case was pending in the

superior court was any relief granted under the prayers of the complaint seeking to require a ne exeat bond, the plaintiff in the trial court did not file any cross appeal and no enumeration of error contained in the appeal relates to the pleadings seeking such bond.

" 'The test of a case as made by writ of error to the Supreme Court as to whether it is one in equity, and hence reviewable by the Supreme Court (Code Ann. § 2-3704), is not what it might have been at any given time during its pendency in the trial court, but what remained in it and is brought here for review. Matters eliminated either by the parties or by order of the trial court constitute no part of the case in the Supreme Court. *Cochran v. Stephens,* 155 Ga. 134 (116 SE 303); *Coats v. Casey,* 162 Ga. 236 (133 SE 237); *Benton v. Benton,* 164 Ga. 541, 543 (139 SE 68); *Jones v. Pierce,* 192 Ga. 217, 219 (14 SE2d 739); *Gilbert Hotel No. 22 v. Black,* 192 Ga. 641 (16 SE2d 435); *Overstreet v. Schulman,* 203 Ga. 284 (46 SE2d 344); *Anagnostis v. Alexandrou,* 203 Ga. 752 (48 SE2d 521).' *Douglas-Guardian Warehouse Corp. v. Todd,* 212 Ga. 791 (96 SE2d 275)." *Benton v. State Hwy. Dept.,* 220 Ga. 674, 676 (141 SE2d 396). See also *Taylor v. Murray,* 215 Ga. 628 (112 SE2d 583); *Johnson v. Mutual Fed. Savings &c. Assn.,* 225 Ga. 245 (167 SE2d 653); and *Bonny Corp. v. McCarthy,* 227 Ga. 460 (181 SE2d 370).

The question as to a ne exeat bond having been removed from the case, the appeal is not within the jurisdiction of the Supreme Court because of such allegation in the complaint.

2. Under the decisions exemplified by *McLendon v. McLendon,* 192 Ga. 70 (14 SE2d 477); *Lawrence v. Lawrence,* 196 Ga. 204 (3) (26 SE2d 283); *Henderson v. Henderson,* 209 Ga. 148 (1) (71 SE2d 210); and *Connell v. Connell,* 119 Ga. App. 485, 486 (167 SE2d 686), the suit to enforce a decree for alimony of a sister state does not make such a suit an alimony case; rather it is an action on a debt of record. Accordingly, the jurisdiction in this appeal is in the Court of Appeals and not the Supreme Court. Had the former wife sought to hold the former husband in contempt of court in this proceeding, a different result would ensue. See *Parker v. Parker,* 233 Ga. 434 (211 SE2d 729).

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED FEBRUARY 7, 1975 — DECIDED MARCH 4, 1975.

*Victoria D. Little,* for appellant.
*Harrison & Garner, James W. Garner,* for appellee.