## 29694. CENTRAL SOYA COMPANY, INC. v. BUNDRICK et al.

NICHOLS, Chief Justice.

This appeal involves claims by various parties against a receivership fund. It also involves a claim based upon an alleged indebtedness against a party who claims a perfected security interest in the fund. For reasons appearing below, the appeal must be transferred to the Court of Appeals.

The controversies in this case arose by virtue of various transactions entered into by S. Snyder Bundrick, Cordele Milling Company, and Circle "B" Farms, hereinafter referred to as "Growers," who were collectively engaged in pig feeding operations in Crisp County. Their operations included the feeding and raising of pigs owned by Swift & Company, Inc.

J. R. Dowdy, an appellee herein, instituted attachment proceedings against Growers, Swift & Company, and appellant Central Soya Company. Appellant had financed Growers' operations and had taken an assignment of proceeds. Appellant also had filed financing statements to perfect its security interests in Growers' contracts, accounts, instruments, general intangibles, machinery, equipment, and personalty. Dowdy prayed for judgment against the defendants in attachment alleging that they were indebted to him by virtue of a "fraudulent scheme" to deprive him of corn which he had delivered to Growers on an understanding that he would be paid therefor. Appellant filed an answer denying involvement in any such scheme.

Thereafter, Growers filed a petition for receivership alleging that appellant was improperly withholding proceeds arising from the feeding operations and that

they were consequently unable to pay debts incurred for corn. Receivers were appointed, and substantially all Growers' assets were liquidated and reduced to a receivership fund. Neither the appointment of receivers nor the manner in which they have administered the assets have been challenged.

Several farmers and partnerships intervened in the receivership case which was consolidated with Dowdy's action. Their claims to the receivership fund are based upon Growers' alleged conversion of their corn. Appellant claims priority to the receivership fund by virtue of its security interest in Growers' assets. Appellant's motions for summary judgment against Dowdy and four intervenors were overruled, and it appeals from these rulings upon certificates of review. Appellant predicates jurisdiction of the appeal in this court by reciting in its jurisdictional statement that "it is an equity case involving receivers and injunctions."

The only issues presented in the receivership case involve the priorities of the parties' claims against the fund in the hands of the receivers. As to jurisdiction of the appeal, the decision in *Refrigeration-Appliances v. Atlanta Provision Co.*, 210 Ga. 475 (80 SE2d 683), controls: "The case as originally brought was one in equity seeking the appointment of a receiver, to which there is no objection, nor is there any complaint as to anything he has done. The case now before us does not involve any equitable relief, or the application of any rule of equitable procedure. The question in issue is one of law, and is not such as to confer jurisdiction upon the Supreme Court." See also *State of Ga. v. Atlanta Provision Co.*, 90 Ga. App. 147 (1) (82 SE2d 145).

With respect to the attachment proceedings brought by appellee Dowdy, the mere fact that he alleged appellant's participation in a "fraudulent scheme" does not inject equitable issues in the case. He prayed for legal relief against appellant in the form of judgment based upon an indebtedness or, perhaps, upon a theory of conversion. "The action remaining is one ex delicto for damages for fraud arising out of a conspiracy to cheat and defraud the petitioner out of its property, and the petitioner prays for a money judgment with a special lien

on the property found. While it is true that, in all cases of fraud, equity has concurrent jurisdiction with the law, equity takes jurisdiction only where the operation of the general rules of law would be deficient in protecting the rights of the complaining party. Code § 37-701; *Aetna Ins. Co. v. Lunsford,* 179 Ga. 716, 719 (177 SE 727)." *Gandy v. Robinson Co.,* 216 Ga. 190 (115 SE2d 341). Accordingly, jurisdiction of the appeal is in the Court of Appeals and it must be transferred to that court. See *Odom v. Atlanta &c. R. Co.,* 204 Ga. 328 (49 SE2d 821); *Futrelle v. Karsman,* 169 Ga. 371 (150 SE 94); *Elliott v. Dolvin,* 160 Ga. 320 (127 SE 651).

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 8, 1975.

*Reinhardt, Whitley & Sims, John S. Sims, Jr.,* for appellant.

*James W. Hurt, Guy Velpoe Roberts,* for appellees.