12581.   BRANDT *v.* COMPUTING CLOTH MEASURING MACHINE COMPANY.

An equitable petition, filed in the superior court, by its allegations was essentially a petition for specific performance of a certain contract, with prayers for incidental relief; and it contained also a prayer for a specific money verdict based upon the binding effect of the contract in question. The prayers were stricken by amendment, except those which asked for a money verdict and for the further finding that the contract sued upon "is binding according to its terms and provision" upon the defendant. A verdict was found in accordance with these prayers, and a writ of error was sued out to the Supreme Court. On considering the record that court ruled that the case be transferred to the Court of Appeals, as one at law based on contract. *Held:* The verdict

in substance and effect was for the specified sum of money, and that portion thereof relating to the contract may be treated as surplusage.

DECIDED NOVEMBER 18, 1921.

Complaint; from Clarke superior court — Judge W. L. Hodges presiding. May 29, 1920.

This was an equitable petition of the Computing Cloth Measuring Machine Company against R. Brandt, in the superior court of Clarke county, asking for the specific performance of a contract and for other incidental relief. The contract, briefly stated, embraced certain letters patent upon a computing cloth-measuring machine, which had been issued by the commissioner of patents to Eugene A. Luster, and the contract assigned these patents, together with a model, with the absolute and exclusive right to manufacture and sell all machines and devices and all improvements that might thereafter be made upon the same in conformity with said patent rights and model. Under the terms of this contract, and as a consideration for the assignment of the patent rights and other privileges acquired by the defendant from the Measuring Machine Company, he agreed to organize a firm or company to manufacture and sell the machines that might be manufactured thereunder, and upon the organization of such firm or company he was to pay the Measuring Machine Company $2,000 in cash, and when a certain number of machines had been sold he was to pay the further sum of $2,000, and thereafter he or his assigns or successors in title were to pay a royalty for each machine sold up to the number of one thousand machines. It was further agreed that Brandt should spend $1,000, more or less, not exceeding $2,000, in further perfecting such measuring machines and the organization of a firm or company to manufacture the same. The petition alleged that in pursuance of this agreement Brandt went forward and organized the company for the purpose of manufacturing and selling the machines, the said corporation having been chartered in the State of Delaware, under the name of the American Cloth Register Company, and under the terms of the contract the sum of $2,000 was then due and payable. In the original suit the American Cloth Register Company was made party defendant, and the Measuring Machine Company sought to obtain jurisdiction of the Delaware corporation by service by publication. Subsequently this defendant and all references to it were stricken from the petition. Among the

prayers of the petition was one that judgment should be rendered against the said R. Brandt for $2,000 which had become due, under the terms of the contract, upon the organization of the Delaware corporation. There was a further prayer that a decree be entered that the contract of May 8, 1913, which was the contract sued upon, " is binding according to its terms and provisions upon the said Brandt." By amendment all of the prayers of the petition were stricken therefrom by the plaintiff except these two.

Brandt, in his answer, admitted organizing the Delaware corporation, but contended that after it had been organized in pursuance of the agreement with the plaintiff and after he had used his best endeavors to perfect the model obtained from the plaintiff, by the expenditure of large sums of money, he became convinced that the patent so acquired from plaintiff was worthless, and he abandoned it, the paragraph of his answer on this point alleging as follows: " Defendant distinctly avers that neither he nor his associates are operating under the Luster patents, being the patents referred to in the plaintiff's petition, but releases all rights and claims to said patents, and that the plaintiff in this case is entirely welcome to the same. " Other contentions raised by the defendant in his original answer and the amendments are to the effect that an official of the Measuring Machine Company made certain false representations to him when he acquired the said patents rights. He further averred that he had expended a large sum of money and a great deal of his time and skill in endeavoring to perfect the patents for the machines acquired from the plaintiff, much more than the $2,000 which he had agree to expend for the purpose of perfecting them, and that this sum amounted to thirteen or fourteen thousand dollars, which he set up as a counter-claim in the nature of recoupment. Subsequently, however, by amendment, he abandoned this counter-claim. On the trial all the material prayers were stricken from the petition except the prayer that a decree should be entered pronouncing the contract binding upon Brandt, and the further prayer that the plaintiff should be given a judgment for $2,000 against Brandt. Brandt abandoned all the defenses set up in his original answer, and on the trial of the case the only issues submitted to the jury were the two stated above, and he insisted that the Luster patents for the machine which had been assigned

and transferred to him by the plaintiff were found to be worthless, after a faithful, earnest, and persistent effort on his part to perfect the same, and that thereupon he had abandoned these patents as worthless, and that the Delaware corporation which he had organized was for the purpose of acquiring inventions for a measuring machine which he had devised and for which he held patents entirely independent of the Luster patents. After considering the case made by these issues the jury returned a verdict against the defendant for $1,500 principal and $446 interest, and further found that the contract in dispute was binding upon Brandt; and judgment was entered accordingly. The defendant filed a motion for a new trial, which was overruled and he excepted.

*Green & Michael,* for plaintiff in error.

*Erwin, Erwin & Nix,* contra.

HILL, J. (After stating the foregoing facts.) Originally filed as an equitable petition praying for the specific performance of a contract, all equitable features of the case were eliminated by amendments, and, when the case reached the Supreme Court, on an investigation thereof the case was transferred to this court for adjudication, on the ground that, properly construed, the petition as amended made a plain action at law based on contract. Reduced to its last analysis the petition as amended asked only for a money judgment of $2,000, which it was alleged was due the plaintiff under the contract; for, of course, it could not be contended that the money was due unless the contract was valid and binding upon Brandt. This makes it necessary for this court to decide only the question made by this issue, and the evidence on this issue, although quite voluminous, may be substantially stated as follows: There was no dispute that the contract as set out in the petition was entered into by the parties. Under the terms of this contract the Luster patents were transferred and assigned to Brandt for a consideration of $4,000. Brandt agreed that he was to perfect the measuring machine covered by the Luster patent and was to organize a company for the purpose, and when this company was organized he was to pay the $2,000 to the plaintiff, and when the machines were perfected he was to pay the additional $2,000, and thereafter royalties on the machines as manufactured. The evidence clearly

shows that, in accordance with the terms of this contract, Brandt did proceed to organize a company and did endeavor to perfect and manufacture the measuring machines covered by the Luster patents, which had been transferred to him by the plaintiff. He set up, however, as a defense to the payment of the $2,000, that after an earnest and faithful endeavor he found that the Luster patents, or rather the machines according to the Luster patents, were so defective that they were worthless; that thereupon he abandoned the effort to perfect or manufacture this machine and proceeded to organize a company in Delaware for the manufacture of a different machine, wholly independent of the Luster patents. The evidence for the plaintiff tends to establish the fact that Brandt's contention that the Luster patents were worthless and he had abandoned them was untrue, and as a matter of fact he had organized this Delaware Company for the purpose of manufacturing machines under the Luster patents and according to the terms of his contract made with the company. This evidence was by expert witnesses, who called the attention of the court to the similarity in the machines which Brandt proposed to manufacture in the Delaware company to those covered by the Luster patents. Brandt by his testimony alone denied these facts.

One significant fact insisted upon by the plaintiff is that Brandt never informed the plaintiff of the alleged worthless character of the Luster patents, that no contention of this sort was set up until the trial; and the plaintiff further calls attention to what are claimed to be admissions on the part of Brandt, made in a case filed by Paul Buckley against him in the superior court of Clarke county. In that case it was sought to recover the value of stock alleged to have been issued by the Delaware company by Brandt, and it was alleged by Brandt that this Delaware company was organized for the purpose of manufacturing and selling the measuring machines covered by the Luster patents, which had been assigned to him by the Measuring Machine Company, and the stock in question had been issued to him by the Delaware company for the assignment by him of the right to manufacture and sell the machines under the Luster patents. While admissions or allegations of facts in pleadings are conclusive only on the parties in the case or their privies as admissions in judicio,

yet these allegations made by Brandt in the Buckley suit were admitted by the trial court as extrajudicial admissions, and certainly, if relevant to the issue, gave strong support to the contentions of the plaintiff that Brandt's denial that he did organize the Delaware company for the purpose of carrying out the agreement made with the plaintiff was not true; and these admissions, taken in connection with the expert evidence in behalf of the plaintiff's claim, were sufficient to establish the contention of the plaintiff that it was entitled to the payment of the $2,000 which Brandt had expressly agreed to pay upon the organization of the company for the purpose of manufacturing and selling the machines made under the Luster patents. Without further elaboration of the evidence as to this issue, this court is of the opinion, from a careful consideration thereof, that the evidence is clearly sufficient to support a verdict for $2,000 against the defendant. The fact that the jury found a verdict for $1,500 with interest is not a matter of which the defendant Brandt can complain, in view of the fact that under the evidence a verdict for $2,000 would have been amply supported by the evidence.

The verdict, in addition to finding for the plaintiff the sum of $1,500 as principal, with interest, further found " that a decree be entered to the effect that the contract sued upon is binding by its terms and provisions upon the said Brandt." This part of the verdict may be treated as a matter of inducement or surplusage, for there is nothing in the verdict, construed as a whole, that requires the defendant to do anything except to pay the money portion of the verdict. The verdict simply finds the validity of the contract between Brandt and the Computing Cloth Measuring Machine Company, as the reason why the payment should be made; and this is the view the Supreme Court must have taken in its judgment transferring the case to this court for adjudication. Treating the verdict, therefore, as a money verdict, and the other portion thereof, referring to the contract, as surplusage, we have reached the conclusion that the general grounds of the motion are without merit.

The specific assignments of error in the amended motion for a new trial, relating to the rulings on testimony and refusal to charge, do not present any reason why the money verdict,

which is amply supported by the evidence, should be set aside and a new trial granted.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*