## GRAGG et al. v. HALL.

1. The cross-petition of the defendant in error set up a good cause of action for specific performance of a parol contract for the purchase of certain land, and the court did not err in overruling the demurrer.
2. Under the Civil Code (1910), § 3222 (4), the general rule in this State is 'that any contract for the sale of lands, or any interest in or concerning them, must be in writing signed by the party to be charged therewith or some person by him lawfully authorized, in order to make such obligation binding on the promisor.
3. Under the Civil Code (1910), § 3223 (3), there are certain exceptions to the general rule stated above, one of which is applicable where there has been such part performance of a parol contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance.

Appeal and Error, 4 C. J. p. 1167, n. 94, 95; p. 1173, n. 70.

Frauds, Statute of, 27 C. J. p. 192, n. 72; p. 343, n. 96; p. 344, n. 7.

New Trial, 29 Cyc. p. 824, n. 41.

Specific Performances, 36 Cyc. p. 587, n. 75; p. 642, n. 90; p. 644, n. 9; p. 648, n. 23; p. 689, n. 42; p. 690, n. 48; p. 773, n. 52.

Trial, 38 Cyc. p. 1901, n. 43; p. 1902, n. 48.

4. Where such a contract is provable by parol, it must, in order to be enforceable, be certain and definite in all essential particulars, and established so clearly and satisfactorily as to leave no reasonable doubt on the minds of the jury. Under the facts of this case, the parol contract sought to be enforced by the defendant's cross-petition for the purchase of land, with possession and valuable improvements made thereon, was sufficiently definite and certain in all essential particulars as to authorize its specific performance.

5. The assignments of error complaining of certain charges of the court, refusals to charge, and statements of contentions of plaintiffs in error, are without substantial merit, and do not require a reversal.

6. The evidence authorized the verdict, and the court did not err in refusing a new trial.

No. 5644. JUNE 18, 1927. REHEARING DENIED SEPTEMBER 13, 1927.

Equitable petition. Before Judge Park. Wilkinson superior court. August 14, 1926.

*Eli B. Hubbard* and *Sibley & Sibley,* for plaintiffs.

*George H. Carswell* and *Victor Davidson,* for defendant.

HILL, J. On April 1, 1925, the plaintiffs brought a petition against the defendant, to enjoin him from cutting timber on described land claimed to be owned by the plaintiffs in fee simple, and for damages in cutting the timber and other acts destructive of the freehold. The defendant filed an answer in the nature of a cross-petition, to which the plaintiffs filed demurrers. The court below overruled the plaintiffs' general demurrer to the defendant's cross-petition, and the plaintiffs excepted pendente lite to this judgment. The defendant amended his answer to meet certain grounds of the demurrer. The cross-petition set up a parol contract for the purchase and sale of the real estate in controversy, with possession of the land and valuable permanent improvements made thereon as set out in the answer. The defendant prayed for specific performance of the contract, damages, etc. The plaintiffs contend that the cross-petition and amendments thereto did not set up sufficient grounds for equitable relief in the way of specific performance, and therefore that the court below erred in allowing the amendments to the answer, and in overruling the demurrer thereto. It is insisted that the alleged parol contract is void, because it does not bind the defendant to do anything; that he was not bound to furnish any timber, and was not bound under its terms at any time to pay for the land.

The answer in a measure speaks for itself. It avers, among other

things, that the parol contract entered into between the plaintiffs and the defendant was that plaintiffs would advance the sum of $11,000 to defendant for the purchase-price of the lands described in plaintiffs' petition, which land defendant had previously stated to plaintiffs he would need in order to saw lumber as he desired for plaintiffs; that the plaintiffs were to take the deed to the lands, but the defendant was to have possession thereof; that the plaintiffs would make a deed to the lands to the defendant upon either the payment of the purchase-price of $11,000 and interest, or upon the completion of the agreements; that (1) the defendant would supply himself with sawmills, teams, and hands for the cutting and sawing of lumber, and trucks for the purpose of delivering the same to plaintiffs' plant at Toombsboro, Georgia; (2) that the defendant would cut, saw, and deliver to plaintiffs as much pine lumber from his other lands as could be cut from the lands described in the petition, the amount of lumber being then and there agreed upon, being two and one half million feet; that the defendant would cut and saw the timber in such sizes as directed by the plaintiffs, and deliver the pine lumber thus sawed on said lands described in plaintiffs' petition, to the plaintiffs' plant at Toombsboro; and as compensation for the same the defendant should receive the prevailing market price of like lumber, less the planing bill of $3.00 per thousand feet, said compensation, after deducting the saw-bills, to be applied to the purchase-price of the lands; (4) that the defendant should pay in full the $11,000 purchase-price of the lands and interest thereon, to Gragg Lumber Company, by the time the pine timber was completely cut. It is averred that the foregoing proposal of the plaintiffs was accepted by the defendant, with the distinct understanding that the agreement should be reduced to writing within a few days thereafter, to which plaintiffs then and there agreed. It was also averred that the deed to the lands was taken in the name of the plaintiffs, but possession of the lands was held by the defendant, according to the agreement, and that plaintiffs never had possession of the lands; that the defendant entered into the contract in good faith, believing that plaintiffs would also carry out their part of the contract; and that defendant lived up to his agreements in every particular, by sawing lumber on his other lands and delivering approximately 450,000 feet of lumber as sawed, upon which amount plaintiffs advanced

the saw-bills as agreed upon in the contract; that on or about December 1, 1924, the defendant notified one of the plaintiffs, A. W. Gragg, at Toombsboro, that he, the defendant, had another 150,-000 feet of lumber ready to deliver as agreed in the contract, and asked that plaintiffs advance the saw-bills of $1200 on the same, as had been agreed upon in the contract, but the plaintiffs then and there refused to advance any more money, and defendant·was compelled to dispose of the lumber to the Reed Planing Mill, at McIntyre, Georgia, at a loss of $1 per thousand feet, said loss being caused by the plaintiffs' breach of the contract, in failing to advance the money on the saw-bills. In order to carry out his contract to saw the pine timber growing on the lands described in the petition, the defendant was obliged to incur an expense of $1100 in the purchase of an additional sawmill and equipment; at an expense of $200 the defendant attempted to carry out that portion of the contract, wherein he was to saw pine timber growing on the lands described in plaintiffs' petition, the expense being caused by the moving of a sawmill on the lands, and making preparations necessary for the sawing of the timber; at an expense approximating $300 the defendant contracted with parties to haul lumber from the sawmill to the plaintiffs' planing-mill as had been agreed upon in the contract. Under the agreement whereby the plaintiffs were to make defendant a fee-simple title to the lands described in plaintiffs' petition, upon his compliance with his part of the contract, and by reason of his possession of the lands, defendant has since the agreement made permanent and valuable improvements on the land; he has built fences on the same at a cost of $25; he has put in well-curbing and repaired one or more wells of water on the land, at a cost of $25; he has repaired one or more dwelling-houses and put in windows at a cost of approximately $20; he has cleared and reduced to cultivation several acres of the land at a cost of approximately $20; he has had the lines around the lands surveyed and marked out, at a cost of $16; he has built a bridge across a stream on the land, at a cost of $25; all of said improvements were made on the land as a purchaser thereof. On May 16, 1925, defendant asked A. T. Gragg, one of the plaintiffs, if he would accept the payment of the amount of the purchase price and interest, as had been agreed upon, and make defendant a deed to the land in

controversy, but Gragg stated that plaintiffs would not accept that amount, etc.

Further averments of the answer are omitted; but sufficient averments are set out above to indicate the affirmative cause of action set up by the defendant's cross-petition. The prayers of defendant's cross-petition were, that plaintiffs' prayers be denied; that an injunction be granted defendant against the plaintiffs, enjoining them from further interfering with defendant's possession of the land in controversy; that a decree for specific performance of the contract be granted defendant, requiring plaintiffs to execute a fee-simple deed to the lands in controversy to the defendant, upon his paying 'to the plaintiffs $11,000 and interest at the legal rate since June 21, 1924; that the defendant recover of plaintiffs $2570 damages as averred in the cross-petition; also certain other damages which defendant averred he had sustained, "if for any reason the specific performance decree, as prayed, can not be granted," etc. Defendant amended his answer in several respects, among other things averring "that defendant should pay in full the $11,000 purchase-price and interest at the legal rate thereon, to Gragg Lumber Company, at any time prior to the end of two years after said contract was consummated, and by the time the pine timber was completely cut, and upon the payment of same, plaintiff would make the said deed to defendant." Also "said lands are now worth $20,000." Further, "under any circumstances defendant now *tenders,* and is ready and stands ready to pay the $11,000 purchase-price and full interest, according to the contract, and is ready to perform all agreements entered into concerning said contract," etc. The demurrer was aimed at the foregoing averments, and others, which are omitted, but which are not necessary to be set out. They must, therefore, be taken as true. And we can not agree to the contentions of the plaintiffs in error, that, under the parol contract as set out, the defendant had nothing to do. The contract, therefore, can not be attacked as being unilateral. If the averments of the answer are to be taken as true, they set out a cause of action for equitable relief, and the court below did not err in overruling the demurrer. The cases cited by the learned attorney for plaintiff in error are not controlling of the present case. The defendant avers that he was put in possession of a definite tract of land, under the contract, as a purchaser thereof, and that the parol agreement was to be re-

duced to writing in a few days, and that under that agreement and possession, as a purchaser, defendant made valuable permanent improvements on the land, and that the plaintiffs were never in possession of the land at all, but purchased it for the defendant, who went into possession and made valuable permanent improvements as described. The cross-petition is not open to the criticism that the contract is too indefinite in the respects pointed out, and for that reason can not be specifically performed. A definite amount of land was to be purchased and sold at a definite sum—$11,000, with interest. Of course, in specifying the essential particulars necessary to have a parol contract performed, it is essential that the contract be certain and definite as to the promise or agreement, as to the parties to whom the conveyance is to be made, as to the consideration of the contract, as to the time and mode of performance, etc. *Dowling* v. *Doyle*, 149 *Ga.* 727 (2 *a*), 733, 734 (102 S. E. 27). Measured by this rule, the parol agreement as alleged in the instant case is sufficient to withstand the demurrer. Under the allegations of the cross-petition there is no uncertainty as to the party to whom the conveyance is to be made; there is no uncertainty as to the description of the land purchased; there is no uncertainty as to the consideration to be paid, $11,000 with interest at the legal rate within two years after the balance was due on the land (which was paid by the plaintiffs), "by the time the pine timber was sawed." In the *Dowling* case, supra, no definite time was at first agreed upon in which the plaintiff was to pay, but it was later agreed the plaintiff was to have until "the discharge of her husband from military service and until his return." It was held in that case that the contract was sufficiently definite as to the time of payment, to authorize specific performance. So here, we think that the time of payment was definite enough to authorize specific performance, viz., "at any time prior to the end of two years after the contract was consummated, and by the time the pine lumber was completely cut," etc.

The special grounds of the motion for new trial are twenty-two in number, and these are also amended by six additional grounds. It would serve no useful purpose to consider each of these grounds separately. It is sufficient to say they complain that the court erred in stating the contentions of the plaintiffs, in charging the jury in certain particulars, and in refusing certain

requests to charge. We have carefully considered all of these grounds of the motion, and are of the opinion that the court did not commit reversible error in any of the particulars mentioned. We think the charge of the court as a whole stated the contentions of the parties fairly; and the principles of law, where applicable, were covered by the general charge. Inasmuch as the plaintiffs in error contend that the court erred in stating the contentions of the plaintiffs, it is sufficient to say that the court in charging the jury stated the material contentions of both parties at some length, and added that "the original petition in this case, and the original answer, and the original amendment to the answer has been read by counsel in your hearing, and I will not endeavor to go in detail as to all the allegations made by the plaintiffs, and all the allegations made by the defendant; and if you do not already understand the details of the respective parties to this case, it would be proper for the jury, when you go to your jury-room, to read the original petition, and to read the answer and the amendment thereto, so as to clearly and distinctly understand the issues of fact involved in the trial of this case, and I will only call to your attention the material contentions as made by the plaintiff, and the material contentions as made by the defendant, and you apply the law as will be given you in charge by the court, to the facts in evidence, in order to reach a proper verdict in this case." The court charged the jury, among other things: "It is admitted both by the plaintiffs in this case, and it is admitted by the defendant in this case, that prior to the 21st day of June in the year 1924, this tract of land containing 750 acres, more or less, and known as the Davis or Cummings tract, that that land was owned by certain parties whose names are signed to the deed which will be out before you, Mr. Collins and other parties. It is admitted both by the plaintiffs and the defendant in this case that the land, previous to the 21st day of June in the year 1924, belonged to the persons that executed that deed to the plaintiffs in this case; and the court charges you that when the plaintiffs introduced that deed and when they produce evidence going to show you that the defendant has exercised any acts of ownership upon that land inconsistent with the titles of the plaintiffs in this case, that makes out a prima facie case, and the burden would then be upon the defendant to satisfy your minds by a preponderance of the testimony of the

truthfulness of all the material allegations upon which the defendant seeks to rely in this case; and where the defendant comes into court and alleges that the plaintiffs agreed to sell to him that tract of land on the payment of $11,000 with 7 per cent. interest thereon, why then the burden [of] proof would be upon the defendant to satisfy your minds by a preponderance of the testimony, with the condition that I will hereafter explain to you—that is, the burden of proof would be upon the defendant in this case to satisfy your minds by the evidence in this case, beyond a reasonable doubt, that there was such a contract made by the plaintiffs with the defendant in this case to sell him that tract of land; because the laws of the State of Georgia provide that when a person relies upon a parol contract for the sale of land, the law requires the person who alleges that such a contract as that was made to produce evidence so clear and convincing as to leave no reasonable doubt that such a contract as that was made, and the law would require Mr. Hall to satisfy your minds by the evidence in this case so clearly and conclusively that there would be no reasonable doubt upon your minds that such a contract was made, as he claims that this contract was in parol. Now as to whether Mr. Hall has convinced your minds to that extent is entirely a question of fact for your consideration and for your determination. The defendant contends that there was such a contract made. The plaintiffs, on the other hand, contend that no such contract was made by the plaintiffs with the defendant, by which they agreed to convey him this land upon the payment of $11,000 with 7 per cent. interest thereon, and this is a material, disputed question of fact for you to pass upon and for you to decide by your verdict in the case; and the court charges you that the burden of proof in this case would rest upon Mr. Hall not only to convince your minds of the existence of such a contract, but the burden would also be upon Mr. Hall to satisfy your minds by the evidence in this case that in pursuance of that contract he went in possession of this tract of land, and the burden would be upon Mr. Hall not only to show you that in pursuance of such a contract, if there was any such contract, that he also made valuable improvements upon the land, that is, improvements that were valuable and substantial and added to the value of the freehold; and if he has convinced your minds of the existence of those facts, why then under the law your verdict should

be in favor of the defendant in this case; but if he has not con-
vinced your minds by the evidence in this case, then under the law
your verdict should be in favor of the plaintiffs in this case. Now
there are certain principles of law that I will read to you that are
applicable to the issue involved in the trial of this case. The law
says to make the following obligations binding on the promisor
the promise must be in writing, signed by the party to be charged
therewith or by some person lawfully authorized to sign for him.
One of these contracts is, any contract for the sale of land or any
interest in or concerning land. Now, under that section of the
code, the law says to make the following contracts binding upon the
promisor that they must be signed, such a contract must be signed
by the promisor, or by some person duly authorized by the promisor,
and that is any contract for the sale of land, or any interest in land,
or concerning land. But there are exceptions to this rule, and
Mr. Hall contends that he is entitled to recover this land upon
payment of $11,000 with interest thereon, and the taxes with in-
terest thereon, and he claims that he comes within the exceptions;
and I will read to you now these exceptions, and it is for you to say
whether or not Mr. Hall would be entitled to recover this land by
your verdict in this case. Now the law says the following section,
that is, which I have just read to you, does not extend to the fol-
lowing cases: when the contract has been fully executed. Well,
it is not claimed by Mr. Hall that this contract has been fully
executed. . . Now, there is a third: where there has been such
part performance of the contract as would render it a fraud for the
party refusing to comply if the court did not compel performance.
Now Mr. Hall contends that in pursuance of this alleged parol
contract by which the plaintiffs agreed to convey him land upon
the payment of $11,000 with 7 per cent. interest thereon, and the
taxes with interest thereon, and the other obligations on his part,
that there has been such a part performance by him of the terms of
the contract that it would be a fraud upon the defendant in this
case for the court not to compel performance on the part of the
plaintiffs in this case; and that is the ground, in connection with
the other principles of law I will give you in charge, that should
govern and guide and control the jury in reaching a verdict in
this case," etc.

Taking the charge as a whole it stated the contentions of the

plaintiffs and of the defendant fairly, and also correctly gave the law applicable to the case in charge to the jury; and in view of the pleadings and evidence, the errors assigned on the charge are without merit. The judge did not err in refusing a new trial. Headnotes other than those dealt with in the opinion require no elaboration.              *Judgment affirmed. All the Justices concur.*

BECK, P. J., and ATKINSON and GILBERT, JJ., concur in the judgment.

### ON MOTION FOR REHEARING.

The plaintiff brought an action against the defendant, to recover certain described premises. The defendant in his answer set up that he had purchased the premises from a third party and procured the plaintiff to advance to him the sum of $11,000 with which to pay therefor, and that the plaintiff took title merely as security for the money advanced. In his answer the defendant tendered to the plaintiff the sum of $11,000. On the trial of the case the jury returned the following verdict: "We the jury find in favor of the defendant. To pay Gragg Lumber Company $1100.00, with interest at 7% from June the 21st, 1924, and all taxes up to date." Verdicts should have a reasonable intendment. Civil Code (1910), § 5927. The verdict, construed in the light of the pleadings and the evidence, was for $11,000.00, and not for $1100.00, as expressed in figures in the verdict. *Heinkin* v. *Barbrey*, 40 *Ga.* 249; *Central Ry. Co.* v. *Mote*, 131 *Ga.* 166 (62 S. E. 164); *Clarke* v. *Stowe*, 132 *Ga.* 621, 623 (64 S. E. 786).