## 32221. WHITEHEAD v. CAPITAL AUTOMOBILE COMPANY.

HILL, Justice.

The appellant sued an automobile dealer for specific performance of an alleged contract for the purchase of a new (soon to be discontinued) Cadillac convertible. The

dealer's motion for summary judgment was granted by the trial court. The appellant purchaser contends that the dealer did not show that there was no genuine issue as to any material fact as is required by Code Ann. § 81A-156 (c).

On motion for summary judgment the dealer filed an affidavit of its sales manager stating that neither he nor any other "authorized" person "accepted any offer" made by plaintiff to purchase such an automobile. The dealer argued, however, that there was no writing sufficient under the Uniform Commercial Code statute of frauds (Code Ann. § 109A-2—201(1)), to establish a contract for the sale of goods for the price of $500 or more. The plaintiff had attached to his complaint a copy of his letter purporting to confirm the contract which he apparently mailed to a salesman of the dealer. That letter referred to two other convertible purchases. By affidavit he stated that he was a businessman dealing in the purchase and sale of merchandise, that he had dealt with the dealer previously and that he had a contract for the car in question. He argued that he therefore could enforce the contract as a merchant under the authority of Code Ann. § 109A-2—201(2),[1] an exception to the UCC statute of frauds.

Although both affidavits omit some matters which may be material and they also state conclusions, on motion for summary judgment the burden of establishing the nonexistence of any genuine issue of material fact is upon the moving party. Doubts are to be resolved against the movant even if at trial the opposing party would have the burden of proof, and movant's proof is carefully

---

[1] Code Ann. § 109A-2—201 (2) provides: "Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received." "Merchant" is defined in Code Ann. § 109A-2—104.

scrutinized while respondent's proof is treated with indulgence. *Ham v. Ham,* 230 Ga. 43 (195 SE2d 429) (1973); *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971). Opinions by the respondent may preclude the grant of summary judgment. *Dickson v. Dickson,* 238 Ga. 672, 675 (235 SE2d 479) (1977). In the case before us the dealer has not met its burden, since a question exists as to whether appellant was a merchant. See *Cochran v. Murrah,* 235 Ga. 304 (219 SE2d 421) (1975).

*Judgment reversed. All the Justices concur.*

Argued May 9, 1977 — Decided September 7, 1977.

*John F. Sheehy,* for appellant.
*Westmoreland, Hall, McGee & Warner, Paul R. Jordan, J. M. Crawford,* for appellee.