## 34449. KRAUTH v. BAGLEY et al.

MARSHALL, Justice.

This is an appeal from an order of the Superior Court of Fulton County granting the appellees' motion for summary judgment as to Count 5 of the appellant's complaint.

In 1974, the appellant purchased 78 acres of land

from the appellees. Pursuant to the terms of the sales contract, 25% of the purchase price was paid in cash at closing, and a promissory note secured by the property was executed in payment of the balance. Under the note, payments were due on March 11 of each year, commencing in 1975 for interest and in 1977 for principal, until paid in full.

The parties' security deed contained a release provision which provided in part that the grantor would be entitled to release—upon the down payment and upon payments or prepayments of the principal (at three categories of price per acre)—of contiguous parcels of five tracts of the land. Apparently, no release was requested or tendered at closing.

The appellant timely made the 1975 and 1976 interest payments (the 1976 payment was made late, but accepted by the appellees), but the timeliness of the 1977 principal-interest payment is in dispute. The appellant deposed that the payment, due on March 11, was mailed on March 9. The appellees contested this with evidence that they never received the payment; that appellee Bagley was never informed that the payment had been mailed, even though he had several conversations with the appellant after March 11, 1977; that in a telephone conversation with the appellant on March 15, 1977, Bagley was told by the appellant that he would pay the appellees "tomorrow"; and that, in a March 17, 1977, telephone conversation with the appellant, Bagley was told that the appellant would "keep on trying to get up your money."

On March 18, 1977, the appellees elected to accelerate the note as being in default, and refused the appellant's March 20 tender of payment and March 23 request for release of portions of the property by the tender to the appellees of a quitclaim deed.

On March 29, 1977, the appellant filed the present action, alleging, inter alia, appellee Bagley's wilful misrepresentation to him of the material fact that he would release property pursuant to agreement. The complaint seeks actual and punitive damages against Bagley (Count 1), a declaration that the promissory note and deed to secure debt are void (Count 2), rescission of the

sales contract, promissory note and deed to secure debt (Counts 3 and 4), and, alternatively, specific performance of the release provisions of the sales contract and security deed (Count 5). The appellant tendered the March 11, 1977, payment into the registry of the court with the filing of the complaint.

In their answer, the appellees denied that a fraud was perpetrated on the appellant, and then asserted, via counterclaim, that the balance of the note was due and payable by virtue of its acceleration. Thereafter, in a motion to obtain funds, the appellees tendered the portions of the property which the appellant requested be released.

The basis for the appellees' motion for summary judgment, which was granted as to Count 5 (specific performance), was the appellant's undisputed failure to tender into court the amount of the payment which became due under the note and security deed on March 11, 1978, almost a year after the filing of the present action. *Held:*

This court ruled on a similar situation in *Jordan v. Flynt,* 240 Ga. 359, 364 (3a) (240 SE2d 858) (1977), from which we quote: "In *Kirk v. First Ga. Invest. Corp.,* 239 Ga. 171 (236 SE2d 254) (1977), we held that the decree of specific performance was improper since the plaintiff was in default at the time suit was filed, he remained in default at the time of the decree, and the decree of specific performance was not conditional on the plaintiff['s] curing his default.

"We hold now that where the plaintiff is not in default when he files suit, the occurrence of a subsequent default of the plaintiff is not by itself a sufficient reason for denying specific performance. The holding in *Kirk* was based on the equitable principle that in order to obtain equitable relief the petitioner must act equitably with regard to the other party. Code Ann. § 37-104. In this situation the maxim means that the defendant should not be compelled to perform unless he receives the agreed exchange which is a condition of his performance under the contract.

"Since appellee is not required to perform under the terms of this contract if appellant is currently in default,

specific performance may not be decreed against appellee unless it is conditioned on appellant's curing of any default on his part. But if the decree is so conditioned, the equitable principle on which *Kirk* is based will be satisfied. That principle does not require that appellant suffer summary judgment against his petition for specific performance. *Smith v. David,* 168 Ga. 511 (148 SE 265) (1929); 5A Corbin on Contracts, § 1190, p. 359 (1964). See Restatement of Contracts, §§ 373, 374."

In the instant case, there is a genuine issue of material fact as to whether the plaintiff was in default when he filed suit. The evidence was conflicting as to whether the 1977 payment was timely made, if at all, but there was some evidence from which a jury might find it to have been timely made. Such a finding would raise genuine issues of material fact as to whether the sellers' subsequent refusal of tenders of a payment and a quitclaim deed, and the purchaser's refusal of tender of a release, constituted breaches of their contract. It should be noted that, even in the *Kirk* and *Jordan* cases, supra, in which (apparently unlike the case sub judice) the seller was not required to perform under the terms of the contract if the purchaser was currently in default, this court held that specific performance could still be decreed if the decree is conditioned on the purchaser's curing of any default on his part. A fortiori, if no such contractual provision exists, then certainly the default, if any, can be cured pursuant to a properly conditioned decree.

Accordingly, the judgment granting summary judgment for the appellee sellers as to Count 5 is reversed, and the case is remanded for a determination of the genuine issues of material fact and the moulding of an appropriate equitable decree based thereon.

*Judgment reversed and remanded. All the Justices concur.*

ARGUED JANUARY 16, 1979 — DECIDED FEBRUARY 6, 1979.

*Somers & Altenbach, John W. Gibson, Fred L. Somers, Jr.,* for appellant.

*Macey & Zusmann, Thomas R. Todd, Jr., Steven*

*Schaikewitz,* for appellees.