## 59001. RANSOM v. WALDRIP.

McMURRAY, Presiding Judge.

On June 19, 1967, *Lamar V. Waldrip,* as seller, and *Betty Sue Ransom,* as purchaser, executed a "Contract for Sale of Realty" whereby certain described real property, including all improvements thereon, was sold for the sum of $10,734.85. The purchase price was to be paid by 120 payments of $120.30 and the sum of $2,100 "receipt whereof is hereby acknowledged as earnest money, which earnest money is to be applied as part payment of the purchase price of said property." The purchaser was to have immediate possession provided purchaser met certain special stipulations in the agreement. However, the seller was not required to execute to the purchaser a warranty deed to said property until "payment in full of the purchase price designated above [in the agreement reciting $2100 earnest money and the various payments shown]."

Simultaneous with this agreement was an invoice for a certain type mobile home reciting the sale to the purchaser, *Bobby Lee Ransom,* for the sum of $7,719.85 less the sum of $6,119.85 financed, leaving a balance of $1,600 of which $600 ($200 was shown as a cash binder, $400 as paid) was shown paid, leaving a balance of $1,000.

Written thereon was an agreement by *Bobby Lee Ransom* to pay $400 upon possession of the trailer (which was shown thereon as paid) "and the remainder $1000.00 to be paid back not less than $10.00 per month . . . [illegible writing left out] . . . until interest and principal has been paid. It is hereby agreed that the . . . [same real property listed in the contract of sale of realty] . . . shall be security for this balance."

On May 11, 1977, *Lamar V. Waldrip* sued *Betty Sue Ransom and Bobby Lee Ransom* in the State Court of Hall County contending the defendants are indebted to the plaintiff in the amount of $1,104 plus interest at the rate of 7% from April 1, 1977, until the date of judgment. The defendants answered denying any indebtedness. Defendant *Bobby Lee Ransom* also added an affirmative defense of accord and satisfaction. Considerable discovery then followed in that case.

However, on the 22nd day of November, 1977, in the Superior Court of Hall County, *Betty Sue Ransom* sued *Lamar V. Waldrip* in two counts, seeking in Count 1 specific performance with reference to the above described property contending that she had paid for the real property in full, and the defendant had not conveyed title to said property as provided by contract and for actual ($1,500) and punitive ($15,000) damages and expenses of litigation ($1,500), contending defendant's breach of the contract was unwarranted, wilful, intentional, and in bad faith. Count 2 sought judgment in the sum of $12,000 as the value of the property in the event specific performance was not granted and punitive damages ($15,000) and expenses of litigation ($1,500).

The defendant Waldrip answered admitting jurisdiction, the existence of the contract for sale of realty, the value of the property as $10,734.85, and that he had not conveyed title to said property, but he denied plaintiff was entitled to the relief sought. He further answered Count 2 that the payment of $2,100 as earnest money as required by the contract was not completely paid in that $1,000 thereof was to have been paid by payments of at least $10 per month with interest at 8% per annum beginning July 19, 1967, and continuing until the $1,000 had been paid in full. He thus alleged that plaintiff Betty

Sue Ransom purchased the mobile home. His second, third, fourth and fifth defenses involve estoppel, waiver, and pleas in abatement and bar by reason of the pending lawsuit in the state court in which the plaintiff (defendant in state court) had filed no counterclaim and that this action should be stayed pending disposition of the state court's suit contending that it involved the same material issues and the same transaction as this action. Defendant also added a counterclaim contending the plaintiff (Betty Sue Ransom) had promised to pay $1,000 with interest at 7% per year on the unpaid balance which had not been paid in full, and the plaintiff is liable to the defendant in the sum of $980.86 plus interest at the rate of 7% per annum until paid.

No stay of either suit was granted. On February 15, 1978, a pretrial order was issued in the state court case. On April 25, 1978, the state court directed a verdict in favor of the defendant Betty Sue Ransom; and a jury verdict was rendered against Bobby Lee Ransom in favor of plaintiff Lamar V. Waldrip in the amount of $418. A judgment was then entered in favor of Betty Sue Ransom against the plaintiff and in favor of the plaintiff against Bobby Lee Ransom in the sum of $418, dated May 1, 1978. On May 22, 1978, Lamar V. Waldrip, by warranty deed, conveyed to Betty Sue Ransom the real property involved in the contract for sale of realty dated June 19, 1967.

In the meantime, in the superior court suit plaintiff (Betty Sue Ransom) had moved for a partial summary judgment filed in court on April 19, 1978, to which she attached an affidavit showing that the contract for sale of realty dated June 19, 1967, which had been assigned to the First National Bank of Gainesville, Georgia, by the seller for a valuable consideration had been paid in full. In response to the motion defendant Waldrip by affidavits answered that the earnest money ($2,100) referred to in the contract "was not and has never been paid in full by Betty Sue Ransom or anyone." Other discovery was accomplished, and thereafter on July 28, 1978, the superior court took notice of the pending state court suit and the pleadings of defendant Waldrip that this action should be stayed pending disposition of the state court suit and that the subject matter of this suit might indeed be

litigated in the state court requiring the superior court to consider whether the principles of res judicata, estoppel by judgment or collateral estoppel should be applied. Counsel for the plaintiff was then directed to provide the superior court with properly certified copies of the record in the state court case, including but not limited to the pretrial order, pertinent admissions, interrogatories and answers, and the judgment or disposition entered by the state court. The same was to be done by August 8, 1978, with service upon opposing counsel. All parties were to be given the opportunity to file additional affidavits for consideration by the superior court and to file additional briefs on or before August 14, 1978, "as either may desire."

On September 5, 1978, the superior court, following the filing of the certified copies of the state court litigation in this case and noting that the defendant had delivered a deed to the plaintiff on May 31, 1978, declared the issue of specific performance to be moot. It then held that the plaintiff's claim for damages "for failure to convey was a compulsory counterclaim [under Code Ann. § 81A-113 (a); Ga. L. 1966, pp. 609, 625] omitted in the suit in State Court filed by this defendant against this plaintiff." The parties were ordered to show cause, if any, by briefs filed no later than September 15, 1978, why defendant's (Waldrip's) motion for summary judgment should not be granted. Counsel for defendant then filed his motion to dismiss, contending the delivery of the deed to plaintiff on May 31, 1978, made the issue of specific performance moot, and the damage claim for failure to convey being a compulsory counterclaim which had been omitted in the state court suit, the same having terminated by judgment, this entire action should be dismissed.

A hearing was then held. Plaintiff contended that to require her to have filed a counterclaim in the state court would have involved her waiver of her request for specific performance or damages since the jurisdiction of the state court did not extend to affirmative equitable relief. Whereupon the superior court, after careful consideration of the entire record in this case (as shown above) held that if the plaintiff had wished to pursue both remedies as to specific performance and also damages the proper procedure that she should have employed was as outlined

in *Carswell v. Scott,* 225 Ga. 798 (171 SE2d 499) as authorized by Code § 55-103 (enjoining proceedings or processes of court of law) requesting the superior court to enjoin the civil court action in the state court and to consolidate the actions for trial in superior court having jurisdiction of all the claims of the parties. Whereupon the superior court ordered plaintiff's petition dismissed with prejudice pursuant to Code Ann. § 81A-113 (a), supra. Plaintiff appeals. *Held:*

1. This appeal was originally filed in the Supreme Court because it involved equity jurisdiction (specific performance). However, by order that court transferred the case to this court. We assume equity is no longer in the case. Our view is likewise that the conveyance of the property involved rendered the issue of specific performance moot. This issue is certainly no longer in the case with the transfer of this case now involving only damages to this court. This court has no jurisdiction to consider whether or not the declaration by the superior court that the issue of specific performance is now moot was correct.

2. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, that is, if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties for whom the court cannot require jurisdiction. As stated by the superior court the proper procedure would have been that in the event that the plaintiff here (defendant in the state court) decided to seek equitable decree of specific performance as well as a suit for damages she should have sought to stay the action of the state court under Code § 55-103 and to consolidate both cases in the superior court having jurisdiction of the claims of both parties. *Carswell v. Scott,* 225 Ga. 798, supra. The superior court did not err in dismissing plaintiff's action as her claim is now barred by the judgment in the state court suit. See *Myers v. United Services Auto. Assn.,* 130 Ga. App. 357, 360 (203 SE2d 304); *Leggett v. Gibson &c. Funeral Home,* 123 Ga. App. 224, 225 (180 SE2d 256); *Best v. Ga. Power Co.,* 224 Ga. 669 (164 SE2d 125); *Coker v. Jay Hambidge Art*

*Foundation,* 144 Ga. App. 660, 661 (242 SE2d 323).
*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 31, 1979 — DECIDED NOVEMBER 15,1979 —
REHEARING DENIED DECEMBER 5, 1979.

*Jefferson W. Willis,* for appellant.
*Troy R. Millikan,* for appellee.