## S99A1493. LEE v. GREEN LAND COMPANY, INC.
### (527 SE2d 204)

SEARS, Justice.

This appeal is brought from the trial court's denial of a request for the specific performance of appellant's proposal to make a contract for the sale of land. Under the Supreme Court's precedent concerning equity jurisdiction, this Court is without jurisdiction to decide this type of appeal, and therefore it is transferred to the Court of Appeals.

Appellant Lee sought to purchase timber property owned by Alabama Life Insurance Company (ALIC), and the two parties executed a document titled "Offer to Purchase," which included a contingency provision requiring ALIC to obtain a building permit. Appellant gave ALIC a binder, and when ALIC determined it could not satisfy the contingency, it refunded the binder. Appellant then informed ALIC that he waived the contingency and demanded that ALIC close a sale of the property. ALIC refused, and appellant sought specific performance of their "agreement." As ALIC was in receivership, its parent, appellee Green Land Company, Inc., acquired the property subject to Lee's claim. This appeal is brought from the trial court's award of summary judgment in appellee's favor.

As conceded by the parties in their respective filings both before this Court and the trial court, appellant's arguments hinge upon whether the "Offer to Purchase" established either a binding contractual offer to sell or an agreement to purchase the subject property. Otherwise, there can be no claim for specific performance. Naturally, resolution of this dispositive issue will depend upon construing the document's terms.

Cases in which the grant or denial of equitable relief is "merely ancillary to underlying issues of law, or would [be] a matter of routine once the underlying issues of law [are] resolved," do not fall within the Supreme Court's jurisdiction over "equity cases."[1] Generally, the construction of a document, here the "Offer to Purchase," is a matter of law.[2] Because the appeal's resolution turns entirely upon

[1] *Beauchamp v. Knight*, 261 Ga. 608, 609 (409 SE2d 208) (1991).
[2] See *Carsello v. Touchton*, 231 Ga. 878, 880 (204 SE2d 589) (1974).

a legal question (i.e., construction of an underlying document), and the availability of equitable relief flows directly therefrom, the appeal is clearly outside of the Supreme Court's jurisdiction.

Furthermore, this Court has plainly stated that it does not have jurisdiction over cases seeking the specific performance of contractual terms where the issues raised on appeal include the question of whether a valid contract was accepted or rejected.[3] That is the exact type of appeal at issue here, and its subject matter simply is not within the Supreme Court's jurisdiction over "equity cases."

*Bernstein v. Fagelson*[4] does not compel a different result, as that case pre-dates by approximately 70 years the intensive effort to define the scope of the Supreme Court's jurisdiction over "equity cases" that began with *Beauchamp*, supra. Nor is a different result compelled by *Geriner v. Branigar Organization*,[5] or *Eickhoff v. Eickhoff*,[6] since those two cases wrongly rejected *Beauchamp's* pronouncement that whenever the grant or denial of equitable relief is ancillary to an underlying issue of law, the appeal is not within the Supreme Court's equitable jurisdiction, and instead asserted that the Supreme Court has jurisdiction over any appeal in which "the viability" of a claim for specific performance is an issue to be decided on appeal. Because this "viability" analysis is at odds with *Beauchamp's* pronouncements on specific performance, both *Geriner* and *Eickhoff* are hereby overruled.

*Appeal transferred. All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

Art. VI, Sec. VI, Par. III (2) of the Georgia Constitution of 1983 clearly and unambiguously states that "[u]nless otherwise provided by law, the Supreme Court shall have appellate jurisdiction" over "[a]ll equity cases." Because the distinction between equity and legal cases is so fundamental, neither the construction nor application of this simply worded jurisdictional grant has been the previous source of any great controversy. However, even though the General Assembly has not elected to "otherwise provide by law," a majority of this Court today reconstrues Art. VI, Sec. VI, Par. III (2) so as to require that our already over-burdened Court of Appeals assume jurisdiction over an entire class of cases which that constitutional provision mandates that we and we alone decide. I cannot concur in such an unconstitutional and unwarranted shifting of this Court's judicial responsi-

---

[3] *Beauchamp*, 261 Ga. at 610, n. 1.
[4] 166 Ga. 281 (142 SE 862) (1928).
[5] 268 Ga. 389 (489 SE2d 305) (1997).
[6] 263 Ga. 498 (435 SE2d 914) (1993).

bilities to the Court of Appeals, although my oath of office and stare decisis will require that I do so in future cases.

Actions at law and in equity differ in that they seek enforcement of mutually exclusive remedies.

> Equity jurisdiction is established and allowed for the protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done.

OCGA § 23-1-3. "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law . . . ." OCGA § 23-1-4. "If the court at law has full power to grant the party all the relief to which he is entitled, there is no ground for the exercise of equity's jurisdiction. [Cits.]" *Morton v. Gardner*, 242 Ga. 852, 856 (252 SE2d 413) (1979). "Generally, equity jurisprudence embraces the same matters of jurisdiction and modes of remedy as were allowed and practiced in England." OCGA § 23-1-2. "Most of the specific grounds of such jurisdiction, as recognized and established by the English high court of chancery, are codified in [T]itle [23] of the Code." *Grimmett v. Barnwell*, 184 Ga. 461, 466 (2) (192 SE 191) (1937).

It has long been recognized that an action at law is not converted into an equity case within this Court's jurisdiction merely because the defendant raises an equitable defense to the plaintiff's legal claim. *Equitable Life Assur. Society v. Bischoff*, 179 Ga. 255 (175 SE 560) (1934). Likewise, a proceeding does not constitute an equity case simply because the plaintiff seeks injunctive relief, since an injunction is only a form of equitable relief and not an independent equitable claim. If the underlying claim is legal and the injunctive relief is otherwise completely dependent upon the resolution of that legal issue, this Court does not have appellate jurisdiction over the case. *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991). A case in which the grant or denial of equitable relief is only ancillary to the underlying legal issues, or is a matter of routine once the underlying issue of law is resolved, is not an equity case for appellate jurisdictional purposes. *Saxton v. Coastal Dialysis & Medical Clinic*, 267 Ga. 177, 178-179 (476 SE2d 587) (1996).

However, the present appeal is from the grant of summary judgment in favor of the defendant in an action for specific performance. "Specific performance of contracts is a branch of equity jurisprudence. . . ." *Bernstein v. Fagelson*, 166 Ga. 281, 286-287 (142 SE 862) (1928). Unlike an injunction, specific performance is never only a form of ancillary equitable relief, but is an entirely independent equi-

table claim governed by its own unique principles. See OCGA § 23-2-130 et seq. "[R]elief, in the nature of specific performance, has constituted one of the main grounds of equity jurisdiction both in England and now under our Code . . . ." *Grimmett v. Barnwell*, supra at 480 (2). The issue in this case is the legality or propriety of the superior court's grant of summary judgment on the specific performance claim. There cannot be a more substantive equitable question than whether or not a genuine issue of material fact remains so as to entitle a party to judgment as a matter of law on an independent equitable claim. Unlike a purely legal issue, such as the construction of restrictive covenants, which can be addressed by a court having no equity jurisdiction, only a court invested with equity jurisdiction can determine whether equitable relief in the form of specific performance is or is not authorized under the evidence. It is immaterial that legal principles may be a factor in determining the legality or propriety of the grant or denial of specific performance. Just as an action at law does not become an equity case simply because an equitable issue is raised therein, neither does a suit for specific performance lose its status as an equity case merely because legal issues happen to be implicated. In a proceeding involving a claim for affirmative equitable relief, what controls is whether a substantive equitable issue is raised in the appeal. *Saxton v. Coastal Dialysis & Medical Clinic*, supra. Here, entitlement to specific performance depends upon application of the equitable principles of OCGA § 23-2-130 et seq. to the evidence, and only a superior court is authorized to address that issue. Compare *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999) (restrictive covenants); *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993) (restrictive covenants); *Beauchamp v. Knight*, supra (venue in a boundary-line dispute). Likewise, only this Court has appellate jurisdiction over equity cases. Because a superior court's grant or denial of specific performance is a substantive equitable issue, this Court has consistently recognized and exercised its equity jurisdiction over such cases in the past. *Geriner v. Branigar Organization*, 268 Ga. 389-390 (489 SE2d 305) (1997); *Eickhoff v. Eickhoff*, 263 Ga. 498, 500 (1) (435 SE2d 914) (1993). See also *Kelly v. Vargo*, 261 Ga. 422 (405 SE2d 36) (1991); *Laseter v. Brown*, 251 Ga. 179 (304 SE2d 72) (1983); *Krauth v. Bagley*, 243 Ga. 87 (252 SE2d 504) (1979); *Whitehead v. Capital Automobile Co.*, 239 Ga. 460 (238 SE2d 104) (1977); *Duval & Co. v. Malcom*, 233 Ga. 784 (214 SE2d 356) (1975); *Anthony v. Morris Hyles, Inc.*, 221 Ga. 847 (148 SE2d 326) (1966); *Sparks v. Bell*, 198 Ga. 827 (33 SE2d 105) (1945); *Huggins v. Meriweather*, 177 Ga. 461 (170 SE 483) (1933); *Gragg v. Hall*, 164 Ga. 628 (139 SE 339) (1927); *Ga. Southern & Fla. R. Co. v. Taylor*, 142 Ga. 350 (82 SE 1058) (1914). Indeed, we have retained specific performance cases which the Court of Appeals

has transferred based solely upon our equity jurisdiction. *Piedmont Properties v. Sims*, 195 Ga. App. 353 (393 SE2d 496) (1990), aff'd without opinion, 260 Ga. XXX; *Lemke v. Southern Farm Bureau Life Ins. Co.*, 182 Ga. App. 700 (356 SE2d 739) (1987), aff'd without opinion, 257 Ga. XXVII. Conversely, this Court has transferred cases to the Court of Appeals on the ground that there was no genuine claim of specific performance or that such a claim no longer remained in the case. *Tribble v. Smith*, 208 Ga. 632 (68 SE2d 567) (1952); *Anagnostis v. Alexandrou*, 203 Ga. 752 (48 SE2d 521) (1948); *Hill v. Shaw*, 189 Ga. 294 (5 SE2d 778) (1939); *Henderson v. Curtis*, 185 Ga. 390 (195 SE 152) (1938); *Bernstein v. Fagelson*, supra; *Brandt v. Buckley*, 151 Ga. 582 (107 SE 773) (1921); *Ransom v. Waldrip*, 152 Ga. App. 711, 715 (1) (263 SE2d 682) (1979); *Swindell v. Walker*, 71 Ga. App. 603 (31 SE2d 670) (1944); *Brandt v. Computing Cloth Measuring Machine Co.*, 27 Ga. App. 704 (109 SE 694) (1921).

The majority relies exclusively upon *Beauchamp v. Knight*, supra, as the authority for its holding that this Court lacks jurisdiction over this appeal. That reliance is misplaced, however, since *Beauchamp* was not a specific performance case. Indeed, *Beauchamp* was not even an equity case, since it involved a boundary line dispute in which the equitable relief was merely ancillary and the only issue on appeal was the applicable venue for such a legal action. Under long-standing authority, such an appeal is not within this Court's equity jurisdiction, and *Beauchamp* correctly reaffirmed that established jurisdictional principle. Since *Beauchamp* was not a specific performance case, however, any additional discussion in the opinion of this Court's jurisdiction over such cases is obiter dicta.

Moreover, that dicta erroneously states that certain previously decided specific performance cases resolved by application of principles of contract law, including *Johnson v. Sackett*, 256 Ga. 552 (350 SE2d 419) (1986), evince a departure from the established interpretation of our equity jurisdiction. See *Beauchamp*, supra at 610, fn. 1. Contrary to this statement, a long and unbroken line of pre-*Beauchamp* decisions recognizes that the propriety of the grant or denial of specific performance *is* a substantive equitable issue over which this Court has jurisdiction, even though the superior court's ruling in that regard was predicated upon contractual legal principles. See *Kelly v. Vargo*, supra; *Ga. Southern & Fla. R. Co. v. Taylor*, supra. Because specific performance is itself an equitable remedy for the enforcement of contracts, it is counterintuitive to opine that this Court has no jurisdiction over a case in which the superior court's ruling granting or denying that remedy was predicated upon the principles of contract law. Since contractual principles control the merits of *every* grant or denial of specific performance, the end result of that anomalous notion is that we would have no jurisdiction over

*any* specific performance case in which the propriety of the grant or denial of that remedy is raised on appeal. Even a cursory review of *Johnson v. Sackett,* supra, shows that it clearly falls within the established line of specific performance appeals previously considered by this Court as within its equity jurisdiction. Therefore, the erroneous dicta in *Beauchamp* does not support a finding that we have no jurisdiction over specific performance cases such as this appeal. Instead, the *Beauchamp* obiter itself represents a drastic deviation from the prior controlling authority of *Johnson* and similar cases, standing as it does in direct conflict with the correct principle that an "equity case" is one in which the substantive issue on appeal involves the legality of the equitable relief sought below. Obviously, the validity of a superior court's grant or denial of specific performance is just such a substantive equitable issue and, as such, must be decided by this Court without regard to the fact that the basis for that equitable ruling was a principle of contract law.

In addition to the failure to acknowledge that its only authority is the erroneous dicta in *Beauchamp,* the majority also mistakenly refuses to give effect to our subsequent precedents which do deal with the issue of appellate jurisdiction over specific performance cases. In our 1997 opinion in *Geriner v. Branigar Organization,* supra at 389-390, we unanimously held that "[t]his Court, rather than the Court of Appeals, has jurisdiction over this case, because the viability of [the] equitable claim for specific performance is an issue to be resolved on appeal. [Cits.] Compare *Beauchamp v. Knight,* [supra]." See also *Engram v. Engram,* 265 Ga. 804 (463 SE2d 12) (1995); *Coleman v. Coleman,* 265 Ga. 568 (459 SE2d 166) (1995). Under the mandate of the landmark decision in *Hall v. Hopper,* 234 Ga. 625, 629 (3) (216 SE2d 839) (1975), these later cases constitute the controlling authority on the issue of this Court's jurisdiction over specific performance cases. Compare *Redfearn v. Huntcliff Homes Assn.,* supra (involving an ancillary claim for injunctive relief, rather than an independent equitable civil action such as one for specific performance). Although these subsequent decisions returned this Court to the long-standing rule from which the *Beauchamp* dicta strayed, the majority now chooses to overrule the former and to adopt the latter. Thus, we have come full circle on the issue of appellate jurisdiction over specific performance cases, except for the unfortunate distinction that — unlike *Beauchamp* — today's misinterpretation of our constitution is not just erroneous obiter, but is the holding of this Court in this case.

We have no authority to amend the Georgia Constitution, but we must construe and apply it. Where constitutional language "does not indicate an intention to declare some new principle, sound construction requires that it be construed to have intended no more than

merely to state the law as it existed ·at the time." *Griffin v. Vandegriff*, 205 Ga. 288, 293 (53 SE2d 345) (1949). Thus, we should not be persuaded by the majority's intimation that, subsequent to *Beauchamp*, specific performance can no longer be considered an equitable claim, despite its continued codification in the Equity Title of our Code. See OCGA § 23-2-130 et seq. The decisive factor must be that, at the time our present constitution was adopted, this Court's equity jurisdiction unquestionably extended to cases in which the propriety of the grant or denial of specific performance was raised as an issue on appeal, without regard to any further superfluous inquiry into whether that ruling turned on a principle of contract law. Only the erroneous — and subsequently properly ignored — dicta in *Beauchamp* is inconsistent with that long-standing interpretation of the jurisdictional grant of Art. VI, Sec. VI, Par. III (2) of the Georgia Constitution of 1983. Because the *Beauchamp* dicta does not authorize a contrary interpretation, we should continue to comply with our constitutional obligation and exercise our jurisdiction over a case, such as this, wherein the superior court entered a final ruling in an action for specific performance and that ruling is enumerated as error on appeal. For us to do otherwise constitutes an unconstitutional shifting to the Court of Appeals of our appellate jurisdiction over "[a]ll equity cases. . . ."

Nevertheless, a majority of this Court has now chosen to follow that path. Under the interpretation of Art. VI, Sec. VI, Par. III (2) adopted today, it no longer matters that a substantive equitable issue has been raised in the appeal of an equity case. If a legal question is also presented, the appeal of an equity case now must be transferred to the Court of Appeals. However, this Court's jurisdiction depends upon the existence of a substantive equitable issue, and we certainly are not divested of that jurisdiction simply because resolution of that equitable issue is dependent upon the application of legal principles. The presence of legal questions in an equity case does not change its nature from an equitable to a legal action. "Equity is ancillary, not antagonistic, to the law; hence, equity follows the law where the rule of law is applicable and follows the analogy of the law where no rule is directly applicable." OCGA § 23-1-6.

By its focus upon the presence of a legal question in an equity case, today's opinion has the unavoidable effect of divesting this Court of the very jurisdiction which Art. VI, Sec. VI, Par. III (2) of our constitution purports to confer. Unlike the majority, I believe that we should continue to construe that constitutional provision in accordance with the framers' intent that it serve as the grant of jurisdiction to this Court, not as the basis for this Court to evade its constitutional duties. The only interpretation consistent with that purpose mandates that where, as here, a substantive equitable issue is raised

in an equity case, this Court has jurisdiction over the appeal without regard to whether there may also be legal questions raised therein. Because the jurisdiction of the Court of Appeals is dependent upon this Court's lack of jurisdiction, the jurisdictional focus in any and all appeals should be upon whether a substantive issue is raised which only this Court can address, rather than upon the presence in an appeal of any other extraneous question which, standing alone, would be for the Court of Appeals to determine. Here, the majority errs in placing its emphasis upon the irrelevant existence of a legal question of contract interpretation, rather than upon the controlling issue of whether the trial court erred in granting summary judgment on an equitable claim for specific performance. Because the majority opinion substitutes this Court's policy decision for that of the General Assembly and the people of Georgia, I dissent.

I am authorized to state that Justice Hunstein joins in this dissent.

THOMPSON, Justice, dissenting.

I respectfully dissent.

The first maxim of equity is that equity follows the law. *Dolinger v. Driver*, 269 Ga. 141, 143 (4) (498 SE2d 252) (1998). Thus, every equity case will of necessity turn on legal issues; and, with that in mind, it could be argued that every equity case must be transferred to the Court of Appeals. Of course, that argument cannot withstand scrutiny. It is only where equitable issues are ancillary to legal issues that a case belongs in the Court of Appeals. *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999).

In *Redfearn*, this Court transferred a restrictive covenant case to the Court of Appeals even though the defendants raised an equitable defense of laches. I joined the majority opinion in *Redfearn* because, under the rationale of *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991), that restrictive covenant case was a legal case with an ancillary equitable defense.[7]

In this case, plaintiff seeks specific performance, a purely equitable remedy. See *Bernstein v. Fagelson*, 166 Ga. 281 (142 SE 862) (1928). Of course, in order to decide whether specific performance lies in this case, we must look at the legal issues. However, the legal issues in this case are ancillary to the equitable remedy, i.e., specific performance.

In the final analysis, the jurisdictional question can be answered

---

[7] *Beauchamp*'s assertion that cases seeking specific performance relative to contracts to sell land should be transferred to the Court of Appeals was purely dicta. Thus, *Geriner v. Branigar Organization,* 268 Ga. 389 (489 SE2d 305) (1997), and *Eickhoff v. Eickhoff*, 263 Ga. 498 (435 SE2d 914) (1993), did not reject *Beauchamp* and need not be overruled.

this way: Restrictive covenant cases should be transferred to the Court of Appeals because they are legal cases in which the equity issues are ancillary; specific performance cases should be retained by this Court because they are equity cases in which the legal issues are ancillary.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED FEBRUARY 28, 2000.

*Newton M. Galloway & Associates, Newton M. Galloway, Dean R. Fuchs, Shepherd & Johnston, William G. Johnston III,* for appellant.

*Alan W. Connell,* for appellee.